S. Baker FULLERTON *v.* John McCORD

99-306                                      2 S.W.3d 775

Supreme Court of Arkansas
Opinion delivered October 21, 1999

*Russell D. Berry*, for appellant.

No response.

LAVENSKI R. SMITH, Justice. Appellant, S. Baker Fullerton, III, attempts to avoid extradition to Tennessee, and appeals the circuit court's denial of his Petition for a Writ of Habeas Corpus. Fullerton alleges two errors in the extradition proceedings. First, he asserts the court erred because he is not the person identi-

fied in the extradition documents. Second, he asserts that he cannot be a fugitive because he was not in Tennessee at the time of the alleged crime. Appellant's contentions are without merit, and we affirm.

*Facts*

In April 1997, Graves Chrysler of Gibson County, Tennessee ("Graves"), received a check from Fullerton Motor Company of Arkansas County, Arkansas ("FMC"), for purchase of a 1997 Dodge Intrepid. Fullerton's business partner entered into the transaction for FMC in Tennessee. Apparently, the check was returned due to insufficient funds. Graves instituted criminal proceedings in Tennessee. Tennessee authorities sought information from the Arkansas Secretary of State and determined that S. Fullerton Baker, III, was the primary person responsible for operation of FMC in Arkansas County, Arkansas. Pursuant to the Uniform Criminal Extradition Act (Ark. Code Ann. §§ 16-94-201--16-94-231), the Governor of Tennessee sent a request to the Governor of Arkansas seeking issuance of a warrant for the arrest of "F. Baker Fullerton, III a/k/a Baker Fullerton." The request also sought his extradition for an act committed outside Tennessee but which resulted in a crime being committed within Tennessee. Governor Huckabee issued the warrant for "F. Baker Fullerton, III a/k/a Baker Fullerton" on June 9, 1998. The Tennessee authorities' case file showed the name of "S. Baker Fullerton, III." The substitution of "F" for "S" is alleged to be a typographical error. In addition to the warrant, the State of Tennessee also provided Fullerton's date of birth, his social security number, and his height and weight. The Arkansas County Sheriff's Department served the warrant on appellant, S. Baker Fullerton, III. Fullerton filed a Petition for a Writ of Habeas Corpus with the circuit court of Arkansas County. The circuit court denied the petition following a hearing on August 12, 1998. Fullerton appeals from that denial.

Although originally filed in the court of appeals, we have this appeal by reassignment because interpretation of Ark.Code Ann. § 16-94-206 (Uniform Criminal Extradition Act) (1987) is an issue of first impression. Ark. Sup. Ct. R. 1-2(b)(1). This case also involves a substantial question of law concerning the construction

and interpretation of an act of the General Assembly. Ark. Sup. Ct. R. 1-2(b)(6). We have jurisdiction to review inferior courts on applications for writs of habeas corpus. *State, ex rel Atty Gen. v. Williams* , 97 Ark. 243, 133 S.W. 1017 (1911).

The principal issue in a habeas corpus proceeding is whether the petitioner is detained without lawful authority. Ark. Code Ann. § 16-112-103 (1987). To succeed, the petitioner must show that the commitment is invalid on its face or that the court lacked jurisdiction. *George v. State*, 285 Ark. 84, 685 S.W. 2d 141 (1985). Where the writ is sought to prevent extradition, the petitioner must present evidence that is practically conclusive in his favor. *Wilkins v. State*, 258 S.W.2d 578 S.W.2d 382 (1975).

## Methods of Extradition

Extradition serves to prevent individuals from escaping prosecution for crimes committed in one state by fleeing or remaining in another state. It precludes any state from becoming a sanctuary for fugitives from justice of another state. *Michigan v. Doran*, 439 U.S. 282 (1978). Federal and State law independently authorize extradition. Federal law does so through the Extradition Clause of the United States Constitution. U.S. Const. art. 4, § 2, cl. 2.[1] State law achieves this through the Uniform Extradition Act. Ark. Code Ann. § 16-94-206; *see also, Gulley, Sheriff v. Apple*, 213 Ark. 351, 210 S.W.2d 514 (1948). The federal constitution establishes mandatory extradition of fugitives whereas the Uniform Extradition Act provides for both a mandatory procedure and a discretionary procedure.

## Mandatory Extradition

Mandatory extradition, whether state or federal, secures arrest and transfer only of those persons classified as fugitives. A person is a fugitive when he or she commits a crime in the

---

[1] United States Constitution, Article 4, section 2, clause 2, provides, "A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on demand of the executive Authority of the State from which he fled, be delivered up to be removed to the State having jurisdiction of the crime."

demanding State, while physically present there, subsequently leaves the demanding State, and thereafter resides in the asylum State. *Cadle & Pierce v. Cauthron, Sheriff*, 266 Ark. 419, 584 S.W. 2d 6 (1979) (citing *Appleyard v. Massachusetts*, 203 U.S. 222, (1906)). As the Supreme Court stated in *California v. Superior Court of California*, 482 U.S. 400 (1986), "By the express terms of federal law ... the asylum State is bound to deliver up to the demanding State's agent a fugitive against whom a properly certified indictment or affidavit charging crime is lodged."

## *Discretionary Extradition*

The Uniform Criminal Extradition Act provides a procedure not only for mandatory extradition arising under the U.S. Constitution, but also provides for extradition at the discretion of the governor of non-fugitives accused of committing acts in Arkansas or a third state which intentionally resulted in a crime in the demanding State. Ark.Code Ann. § 16-94-206 provides:

> The Governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged in such other state in the manner provided in 16-94-205 with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand; and the provisions of this subchapter not otherwise inconsistent shall apply to such cases, notwithstanding that the accused was not in that state at the time of the commission of the crime and has not fled therefrom.

In *Glover v. State*, 257 Ark. 241, 515 S.W.2d 641 (1974), we stated, "This [Uniform Criminal Extradition Act] act must be considered along with the federal statutes, because the federal act controls where there is an inconsistency, but the legislature of the asylum state may permit its Governor to surrender a fugitive on terms less exacting than those imposed by Congress." Interpretation of this provision is an issue of first impression in Arkansas.

In construing Nebraska's analogous provision, the Nebraska Supreme Court considered Neb. Rev. Stat. § 29-734 (Ark Code Ann. § 16-94-206). The Nebraska Supreme Court noted mandatory extradition under U.S. Const. art. 4, § 2, and then stated,

By contrast, under Section 29-734, the governor may surrender on demand any person charged with committing and act intentionally resulting in a crime in the demanding State, that is, it is discretionary. The governor of the asylum State is afforded discretion to accept or reject the demand in non-fugitive situations.

*Koenig v. Poskochil*, 238 Neb. 118, 469 N.W.2d 523 (1991). *See also, In re Extradition of Adams*, 63 Ohio App. 638, 579 N.E.2d 752 (1989)[2]. Mississippi has ruled similarly.[3]

In *Kennon v. State*, 248 Kan. 515, 809 P.2d 546 (1991), cited by Fullerton, the Kansas Supreme Court considered K.S.A. 22-2706 (Ark.Code Ann. § 16-94-206). The writ was granted where it was shown that Kennon was in Kansas at the time of the acts complained of and that the State of Alabama and the governor of Kansas were acting based on a belief that Kennon was a fugitive and extradition was being pursued under mandatory extradition as provided by the U.S. Constitution. Kennon's proof that he was not in Alabama defeated the requirement that he be a fugitive. The State argued permissive extradition under K.S.A. 22-2706, but it was not allowed because although some supporting documents acknowledged Kennon was in Kansas at the time of the acts, the governors were proceeding under mandatory extradition which required Kennon to be a fugitive. The Kansas Supreme Court noted K.S.A. 22-2706 (Ark. Code Ann. § 16-94-206) provided discretionary extradition. *Kennon, supra.* at P. 2d 550. Thus, other State courts considering the language similar to Ark. Code Ann. § 16-94-206 have

---

[2] Adams while living in Ohio refused to allow visitation in violation of a California court order entered before Adams relocated from California to Ohio. Child custody and visitation rights were established in California prior to Adams departure. Adams was charged with a penal code violation in California, and the Governor of Ohio issued a warrant for her arrest and extradition. The Ohio Court of Appeals considered R.C. 2963.06 (Ark.Code Ann. § 16-94-206) and found that under that statute, "fugitivity is not at issue." *Adams, supra.*

[3] In *State v. McCurley*, 627 So.2d 339 (Miss.1993), the McCurleys petitioned for a writ of habeas corpus where it was alleged that they passed a bad check in Louisiana while in Mississippi. Their daughter took the check and delivered it in Louisiana. The trial court granted the writ finding the McCurleys were not fugitives. On appeal the Supreme Court of Mississippi noted a Mississippi statute which provides that the Governor may surrender a person who is charged with committing an act in Mississippi which intentionally results in a crime in another State. Mississippi has not adopted the Uniform Criminal Extradition Act. However, the language is very similar to our own statute. The Mississippi Supreme Court found that the language of their statute applied to "non-fugitives," or in other words persons not present in the State at the time the crime is committed and that the language recognizes a theory of "constructive presence." *State v. McCurley, supra.* at So.2d 343.

found it to be discretionary and that it applies to non-fugitives accused of crimes.

▪ In the instant case, based on our analysis of the Tennessee requisition, the supporting documents, and Governor Huckabee's warrant, we hold that appellant need not be a fugitive from Tennessee in order for extradition to proceed pursuant to Ark. Code Ann. § 16-94-206. This is a discretionary extradition, and the executive authority of Arkansas has exercised that discretion in favor of extradition. Fullerton alleges that he may not be extradited because he is not a fugitive from Tennessee. He contends that he was not in Tennessee when the crime was committed and thus cannot be extradited. Fullerton errs by conflating the fugitive requirement of the federal mandatory extradition with the discretionary extradition authorized by Ark. Code Ann. § 16-94-206. Fullerton is not a fugitive, but he may still be extradited if he is found to be a non-fugitive accused of committing an act in Arkansas intentionally resulting in a crime in Tennessee.

### Identification

Fullerton also contends that the demand from the Governor of Tennessee and the rendition warrant from Governor Huckabee identified him as "F. Baker Fullerton, III, a/k/a Baker Fullerton" when his real name is "S. Baker Fullerton, III." He argues that the documents therefore identified the wrong person and cannot be the basis for his extradition. Fullerton's testimony at the habeas corpus hearing revealed Fullerton is commonly known as "Baker Fullerton" and that no other Baker Fullerton has ever been involved in Fullerton Motors. Further, there was testimony that the name on the investigative files in Tennessee was "S. Baker Fullerton, III," and that the "F. Baker Fullerton, III" on the requisition papers and warrant must have been a typographical error. The record also reveals Tennessee authorities provided Arkansas with Fullerton's birth date, social security number, height, and weight. Additionally, Arkansas County Deputy Robert Rowe testified that he knew Baker Fullerton, understood that he was to serve Baker Fullerton with the warrant, and that he did serve Baker Fullerton.

▪ In *Smith v. Cauthron, Sheriff*, 274 Ark. 435, 631 S.W. 2d 10 (1982), the appellant fought extradition by seeking a writ of habeas

corpus.  On appeal, appellant contended that he had not been properly identified because his date of birth and social security number were incorrect on an information sheet and arrest report. We held that the minor errors in the birth date and social security number were caused by appellant.  Further, the court considered Smith's admission that he worked at the location where the crime was committed substantial evidence which could be used to determine that he was indeed the man named in the warrant.  Given the facts in the instant case, we hold that the evidence adduced at the hearing below as to Fullerton's identity provided more than substantial evidence that he was the person sought in the requisition. Based on the foregoing, we affirm the trial court's denial of Fullerton's petition for habeas corpus.

Affirmed.