Joseph Thomas WILLIS  *v.*  STATE of Arkansas

CA CR 04-858                                    205 S.W.3d 189

Court of Appeals of Arkansas
Opinion delivered March 16, 2005

282

*Hancock & Lane, P.A.*, by: *Jonathan T. Lane*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brent P. Gasper*, Ass't Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. Joseph Willis pled guilty to violation of probation on October 6, 2003. He was sentenced to twenty years' imprisonment with the imposition of five years suspended. On appeal, Willis argues that the trial court erred in amending the October 2003 judgment to reflect an additional offense of theft of property. We affirm.

Willis was charged by felony information with commercial burglary and theft of property in 2000. On the information, the case number for the two offenses is listed as "Case No. CR 2000-100." Willis was convicted of commercial burglary and theft of property for which he received a sentence of five years' probation. On December 6, 2002, the State filed a motion to revoke Willis's probation, alleging that he had violated several of its conditions, including committing the offenses of terroristic threatening and domestic battery, testing positive for methamphetamines, and failing to pay fines and costs. The petition for revocation indicated that the underlying offenses for Willis's probation were commercial burglary, a class C felony; theft of property, a class B felony; and committing a fraudulent insurance act, a class D felony. Two case numbers were listed on the States petition, CR 2000-100 and CR 2000-148. Willis was also sent a

notice of the State's written motion for revocation on December 5, 2002. In the caption heading case numbers CR 2000-100 and CR 2000-148 were listed.

Willis and the State entered a negotiated plea agreement, whereby Willis pled guilty to the offense of "probation revocation." The plea agreement indicates that a sentence of twenty years' imprisonment with the imposition of five years suspended will be imposed. The plea agreement was filed October 6, 2003 and lists CR 2000-100 as the case number. Willis also appeared before the trial court on that day for the revocation hearing. During the hearing, Willis pled guilty to the allegations of the revocation petition. Thereafter, the State recommended a sentence of twenty years' imprisonment with five years suspended. The trial court inquired, "Is that the agreement?," to which counsel for Willis responded, "Yes, sir." The trial court then, based upon the plea and the recommendation of the State, set Willis's sentence at twenty years with five years suspended. A judgment and commitment order reflecting this sentence was entered on October 22, 2003. The judgment and commitment order lists only the offense of commercial burglary, but does indicate that commitment on the offense was the result of revocation of probation. Case number CR 2000-100 is reflected on this order.[1]

On March 5, 2004, Willis filed a petition for writ of habeas corpus, asserting that he had been sentenced to more than the maximum sentence allowed by law during his revocation proceeding. Willis stated that his probation had been revoked based upon a charge of commercial burglary; that commercial burglary is a class C felony; that the punishment range for class C felonies is three to ten years' imprisonment; that he was not sentenced pursuant to any enhancement provision; and that his sentence of twenty years' imprisonment with five years suspended exceeded the authorized law and must be reduced. On April 1, 2004, the State filed a motion to correct the October 22, 2003 judgment and commitment order to include the theft-of- property offense. Willis responded, arguing that the trial court lacked jurisdiction to amend the judgment and commitment order past the ninety-day limitation set out in Ark. Code Ann. § 16-90-111. The trial court

---

[1] Apparently case number CR 2000-148 refers to the insurance fraud offense, but that offense was not mentioned in the plea agreement or at the revocation hearing and is not at issue on appeal.

amended the judgment and commitment order on April 21, 2004, to reflect the charges of both commercial burglary and theft of property. Willis brings this timely appeal.

Our standard of review in this case is abuse of discretion. *McCuen v. State*, 338 Ark. 631, 999 S.W.2d 682 (1999) (*McCuen II*). Willis points this court to *McCuen II* as support for his assertion that the trial court lacked jurisdiction to amend the judgment and commitment order in this case. Willis argues that, because the theft of property offense was not read in open court, the omission of this offense was not a clerical error, and therefore the trial court's *nunc pro tunc* order is invalid.

The procedural history of *McCuen II* is similar to the facts of this case. On April 29, 1996, McCuen was sentenced in open court to seventeen years' imprisonment and a $30,000 fine, following a guilty plea. The day after sentencing, the trial judge signed the judgment and commitment order, but the order did not include the $30,000 fine. *Id.* On May 3, 1996, McCuen filed a petition to vacate his sentence and to withdraw his guilty plea, and on July 23, 1996, he filed a *pro se* motion to correct sentences imposed in an illegal manner. *Id.* His motions were denied, and those denials affirmed on appeal. *Id*; *see McCuen v. State*, 328 Ark. 46, 941 S.W.2d 397 (1997).

On September 9, 1997, McCuen filed a petition for writ of *habeas corpus* in federal district court and asserted that the State could not collect the $30,000 fine because it was not included in the written judgment and commitment order. *McCuen II, supra.* The next day, the State filed a motion for correction of the judgment and commitment order and sought to have the original order amended to include the $30,000 fine. *Id.* McCuen filed a response on September 11, 1997, contending that the trial judge had lost jurisdiction to amend the original judgment because the case had already been appealed to the supreme court. *Id.* On September 18, 1997, the trial judge entered a judgment and commitment order *nunc pro tunc. Id.* In the order, the judge stated that the $30,000 fine had been "inadvertently omitted" from the original order. *Id.* at 633, 999 S.W.2d at 683.

McCuen appealed from the corrected judgment, arguing that the trial court did not have jurisdiction to amend the original judgment and commitment order. *Id.* McCuen conceded, however, that the trial court did impose the $30,000 fine in open court. *Id.* McCuen asserted, nonetheless, that the omission of the fine in

the judgment signed by the trial judge and entered of record constituted a judicial error that cannot be corrected after the mandate is returned. *Id.*

The supreme court held that a subsequent judgment entered *nunc pro tunc* to correct an erroneous judgment to speak the truth was the appropriate course for the trial judge to take. *Id.* The court noted that the trial judge had sentenced McCuen the previous day in open court, wherein he stated that McCuen was to pay the $30,000 fine. *Id.* The court also noted that, when the matter of the fine was subsequently brought to his attention, the trial court promptly corrected the "inadvertent" omission. *Id.* at 635, 999 S.W.2d at 684. The court found that there was nothing before it to suggest that the omission was not inadvertent, and that this is precisely the kind of clerical error meant to be corrected by a judgment entered *nunc pro tunc.* Moreover, McCuen could not demonstrate prejudice, according to the court, where he was present in the trial court when the fine was read as a part of his sentence.

In discussing the case, the *McCuen II* court distinguished *Glick v. State*, 238 Ark. 412, 677 S.W.2d 844 (1984), a case upon which McCuen relied, by stating that *Glick* did not involve a fact question where there was no dispute over the correctness of the oral sentence pronounced in open court, or where a second judgment was entered *nunc pro tunc* to reflect the truth of that sentence. In *Glick, supra,* a jury found appellant guilty of first-degree escape, two counts of theft of property, and kidnapping. The judgment stated that sentences for the theft of property convictions would be served concurrently, but that the remaining sentences would be served consecutively. The judgment was entered on September 29, 1983. On October 17, 1983, the appellant wrote the trial judge inquiring as to whether his new sentences would run consecutively or concurrently with the sentences he was already serving. On January 9, 1984, the trial court entered an amended judgment and commitment order, in which it found that a clerical mistake had been made and that the record should be corrected to show that the appellant's sentences were to run consecutive with any sentences Glick was presently serving.

The *Glick* court considered two of its earlier decisions where it had held that once an appellant was placed in the Arkansas Department of Correction's custody, the sentence could not be modified. *Id.* (citing *State v. Manees*, 264 Ark. 190, 569 S.W.2d 665

(1978)). The *Glick* court also referenced its decision in *Williams v. State*, 229 Ark. 42, 313 S.W.2d 242 (1958), where three inmates entered guilty pleas and were sentenced by the trial court. Two weeks later, the trial court realized that the judgment was silent as to whether the sentences would run consecutively or concurrently with the sentences presently being served. The trial court issued a new judgment and commitment order providing that the sentences would be served consecutively. On appeal, the supreme court acknowledged that a trial court could correct a judgment to speak the truth in aid of the jurisdiction of the appellate court when it otherwise would have no power to amend. Moreover, a trial court may correct errors in the record that did not arise from its judicial acts but from the mistakes of the recording officers. The *Williams* court concluded that there was no clerical error and reversed the trial court's amended order.

Similarly, the *Glick* court found that the judgment and commitment order was silent as to whether Glick's new sentences were to run consecutively or concurrently with his previously-imposed sentences and held that the trial court's action in attempting to modify the sentences was obviously not the correction of a clerical mistake, but rather a judicial act. The amended judgment and commitment order was set aside, and the original order was reinstated. *See also McPherson v. State*, 187 Ark. 872, 63 S.W.2d 282 (1933); *Lovett v. State*, 267 Ark. 912, 591 S.W.2d 683 (Ark. App. 1980).

■ Willis argues that the decision in *McCuen II, supra*, governs this case and that this case is factually distinguishable from *McCuen II* because the theft-of-property offense was never mentioned in open court. We agree that Willis's case appears factually distinguishable from *McCuen II*, in that regard. However, this case is also distinguishable from the cases cited above, where it is apparent that the amended judgments were the result of issues never contemplated by the trial court. *Glick, supra; Manees, supra; Williams, supra.* We conclude that this case is analogous to *McCuen II, supra*, and accordingly hold that the trial court had jurisdiction to amend the original judgment and commitment order and that it did not abuse its discretion in doing so.

■ Willis appeared in open court and pled guilty to the charge of "probation revocation" and was sentenced to twenty years' imprisonment with the imposition of five of those years suspended. The theft-of-property charge was not mentioned in

open court, however, neither was the commercial property offense. The only offense mentioned in open court was the "probation revocation." On the negotiated plea statement, the charge to which Willis pled is listed as "probation revocation," and case number CR 2000-100 is also listed on the plea agreement. The felony information indicates that CR 2000-100 included both the commercial burglary and the theft-of-property convictions. During the hearing, Willis stated that he was pleading guilty to the allegations listed in the revocation petition, and in the petition to revoke, the State listed three underlying convictions; commercial burglary, theft of property, and fraudulent insurance act and listed two case numbers. It is apparent that the "probation revocation" is simply the umbrella under which the three underlying offenses fall. Further, Willis acknowledged that he was pleading guilty to the allegations in the petition for revocation, and he received a copy of the notice of petition for revocation, which listed three underlying offenses. In his statement in open court, Willis indicated that he was pleading guilty to allegations listed in the revocation petition, which encompassed all allegations and the underlying convictions included in the plea agreement. Because all of the documents reflect the commercial burglary and the theft-of-property offenses or case number CR 2000-100, which included both the commercial burglary and the theft-of-property offense, the trial court correctly entered a *nunc pro tunc* judgment and commitment order to reflect the omission of the theft-of-property offense.

█ Moreover, Willis cannot argue that he has been prejudiced by the amended judgment and commitment order when he was aware that the State was seeking revocation of his probation; that the petition listed three underlying convictions; that case number CR 2000-100 listed both offenses; and where there was no explicit exclusion of the theft-of-property offense in the plea agreement or at the hearing. Accordingly, we find that there was no abuse of discretion by the trial court in amending the judgment and commitment order.

Affirmed.

ROBBINS and GRIFFEN, JJ., agree.