Sanders M. CARTER *v.* Larry NORRIS, Director,
Arkansas Department of Correction

CR 06-296                                    240 S.W.3d 124

Supreme Court of Arkansas
Opinion delivered September 28, 2006

Appellant, *pro se.*

*Mike Beebe*, Att'y Gen., by: *Kelly K. Hill*, Sr. Ass't Att'y Gen., for appellee.

PER CURIAM. In 1987, Sanders M. Carter was convicted by a jury of rape, aggravated robbery with a deadly weapon and burglary, and was sentenced to life plus forty years' imprisonment. We affirmed. *Carter v. State*, 295 Ark. 218, 748 S.W.2d 127 (1988). Appellant committed these crimes on November 18, 1986. However, the judgment and commitment order listed the date of the offenses as November 18, 1987.

Subsequently, appellant filed a petition for postconviction relief pursuant to Ark. R. Crim. P. 37.1. The trial court denied the petition and this court affirmed. *Carter v. State*, CR 87-209 (Ark. Oct. 16, 1989) (*per curiam*). In 1990, appellant filed a petition for writ of *habeas corpus*. The trial court denied the petition. We dismissed the appeal as having no merit. *Carter v. State*, CR 90-187 (Ark. Nov. 5, 1990) (*per curiam*). Next, in 2004, appellant filed a petition for scientific testing pursuant to Act 1780 of 2001. The trial court denied the petition as appellant failed to prove an unbroken chain of custody. This court affirmed. *Carter v. State*, CR 03-148 (Ark. Feb. 19, 2004) (*per curiam*).

In 2005, appellant filed another petition for writ of *habeas corpus*, seeking to set aside his judgment and commitment order. Therein, appellant claimed that he had no formal notice "by the presentment of a felony information or an indictment by grand jury that he was on trial for offenses occuring [sic] on the date November 18, 1987." Appellant argued that he was being wrongfully imprisoned pursuant to a judgment and commitment order, filed on June 5, 1987, for "criminal offenses that had not yet been consummated by the petitioner[.]" The trial court denied the petition, and appellant, proceeding *pro se*, has lodged this appeal of that order.

We do not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Greene v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004). A finding is clearly erroneous when, although

there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Flores v. State*, 350 Ark. 198, 85 S.W.3d 896 (2002).

We first note that in the State's brief to this court, the State cites two unpublished decisions by this court in support of particular propositions. We have long held that "[a]n opinion which qualifies as one not designated for publication is written primarily for the parties and their attorneys . . . . Once again, *we state that nonpublished opinions will not be considered as authority and should not be cited to this court." Weatherford v. State*, 352 Ark. 324, 330-31, 101 S.W.3d 227, 232 (2003), quoting *Aaron v. Everett*, 6 Ark. App. 424, 644 S.W.2d 301 (1982). (Emphasis ours.)

We continue to adhere to this concept as stated in *Weatherford* and Ark. Sup. Ct. R. 5-2. Further, litigants without access to our unpublished opinions, via electronic methods or in-person visits to this court's library, are placed at a disadvantage when citing authority to this court due to the lack of widespread and complete access to unpublished opinions. However, this court will continue to consider publication of unpublished opinions when requested to do so by motion setting forth good cause why an unpublished opinion should be published.

The principal issue in a *habeas corpus* proceeding is whether the petitioner is detained without lawful authority. Ark. Code Ann. § 16-112-103 (1987); *Fullerton v. McCord*, 339 Ark. 45, 2 S.W.3d 775 (1999). A writ of *habeas corpus* is proper when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Davis v. Reed*, 316 Ark. 575, 577, 873 S.W.2d 524, 525 (1994). Unless a petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of *habeas corpus* should issue. *Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) *(per curiam)*. The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing, by affidavit or other evidence, [of] probable cause to believe" he is illegally detained. Section 16-112-103(a). *See also Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991).

In the instant matter, there is no question but that appellant committed the crimes against the victim in 1986 rather than 1987.

The felony information filed by the prosecutor contained the correct date of the crimes. Appellant's direct appeal and numerous petitions for postconviction relief indicated the correct date. Thus, it is apparent that the judgment and commitment order contained a mere clerical error.

Our case law is replete with examples of a clerical error in a judgment and commitment order. Such clerical errors have not prevented enforcement of the judgment and commitment order. *See, e.g., McCuen v. State*, 338 Ark. 631, 999 S.W.2d 682 (1999) (appellant owed $30,000 fine omitted from the judgment and commitment order but pronounced in open court). *See also Willis v. State*, 90 Ark. App. 281, 205 S.W.3d 189 (2005) (sentence proper although judgment and commitment order failed to state all offenses included in revocation of probation as defendant was aware of the State's intention to include all offenses). Clerical errors also have not prevented other legal documents from effectuating the intended result.[1]

As clerical errors do not speak the truth, courts have the power to enter an amended judgment and commitment order *nunc pro tunc* to correct an erroneous judgment. *See* Ark. R. Civ. P. 60(b); *McCuen, supra; Willis, supra.* Here, appellant was aware at all times that he was being tried for crimes he committed in 1986. He had been put on notice by the State of the correct dates for the crimes and was not prejudiced by his trial for the 1986 crimes. This case presents the exact situation where a clerical error may have been corrected by a *nunc pro tunc* order. Clerical errors of this type do not entitle appellant to a writ of *habeas corpus. See Fullerton, supra.*

■  Appellant's petition has failed to show that he was being detained without lawful authority. Appellant was not tried for crimes that he had not yet "consummated." A mere clerical error in the offense dates stated in the judgment and commitment order does not negate the jurisdiction of the trial court as the clerical error does not speak the truth. Appellant failed to prove that the judgment and commitment order was invalid on its face or that the trial court lacked jurisdiction over the cause. Thus,

---

[1] *See, e.g., Fullerton, supra* (petition for writ of *habeas corpus* denied where defendant's incorrect initial in extradition documents did not prevent positive identification of defendant), and *Douglass v. Stahl*, 71 Ark. 236, 72 S.W. 568 (1903) (an incorrect title of an official issuing an arrest warrant did not void the warrant).

appellant did not establish any cause to conclude that a petition for writ of *habeas corpus* should issue. We find no error and affirm the decision of the trial court.

Affirmed.