Michael Lamont THOMAS *v.* STATE of Arkansas

CA CR 00-643                                   241 S.W.3d 247

Supreme Court of Arkansas
Opinion delivered October 12, 2006

*Mike Beebe*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

Per Curiam. A judgment and commitment order entered February 4, 2000, indicates that a jury found petitioner Michael Lamont Thomas guilty of rape and sentenced him to 480 months' imprisonment in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed the judgment. *Thomas v. State*, CACR 00-643 (Ark. App. January 23, 2002). In 2004, petitioner filed in the trial court a *pro se* petition for writ of *habeas corpus* pursuant to Act 1780 of 2001. That petition was denied, and this court dismissed the appeal for lack of jurisdiction. *Thomas v. State*, CR 05-934 (Ark. May 18, 2006) (*per curiam*).

Proceeding *pro se*, petitioner now requests this court to reinvest jurisdiction in the trial court to consider a petition for writ of error *coram nobis*.[1] The petition for leave to proceed in the trial court is necessary because the circuit court can entertain a petition for writ of error *coram nobis* after a judgment has been affirmed on appeal only after we grant permission. *Dansby v. State*, 343 Ark. 635, 37 S.W.3d 599 (2001) (*per curiam*).

Petitioner asserts grounds for reinvesting jurisdiction in the trial court, as follows: (1) the prosecution put on testimony that petitioner alleges was false concerning the transportation of the rape kit from the hospital to the Arkansas State Crime Laboratory; (2) in affidavits, the victim, a girl who was thirteen years old at the time of the crime, later recanted her testimony, and her mother indicated that she had told the prosecution that she would testify that she knew her daughter was lying about the rape. We do not find that petitioner's claims are cognizable for relief under error *coram nobis*, and even if those claims were cognizable, petitioner has failed to exercise diligence in pursuing *coram nobis* relief.

*Coram nobis* proceedings are attended by a strong presumption that the judgment of conviction is valid. *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984), citing *Troglin v. State*, 257 Ark.

---

[1] For clerical purposes, the instant petition to reinvest jurisdiction in the trial court to consider a petition for writ of error *coram nobis* was assigned the same docket number as the direct appeal of the judgment.

644, 519 S.W.2d 740 (1975). A writ of error *coram nobis* is an extraordinarily rare remedy, more known for its denial than its approval. *Larimore v. State*, 341 Ark. 397, 17 S.W.3d 87 (2000). For the writ to issue following the affirmance of a conviction, the petitioner must show a fundamental error of fact extrinsic to the record. *Larimore v. State*, 327 Ark. 271, 938 S.W.2d 818 (1997). The function of the writ is to secure relief from a judgment rendered while there existed some fact which would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *Cloird v. State*, 357 Ark. 446, 182 S.W.3d 477 (2004).

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (*per curiam*). We have held that a writ of error *coram nobis* was available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Pitts*, 336 Ark. at 583, 986 S.W.2d at 409.

Petitioner's claims do not fall within any of the recognized categories. While he attempts to assert that the prosecution withheld material evidence, petitioner does not state facts that support that proposition or that are otherwise cognizable in a *coram nobis* proceeding.

█ In his first claim, petitioner asserts that a police officer falsely testified that he was the officer who transported the rape kit from the hospital to the Arkansas State Crime Laboratory. Yet it does not appear that the prosecution withheld any evidence on the point. Petitioner, in fact, attaches a statement from the witness list provided by the prosecution concerning another officer transporting the rape kit in support of his argument. The evidence was available to petitioner and his counsel at trial.

█ Nor has petitioner shown that the evidence he claims was withheld was material. As the State points out in its brief, the chain of custody was well established without a specific demonstration concerning the transportation of the rape kit from the hospital to the crime lab. The doctor who performed the examination of the victim, the nurse who sealed the kit, and the forensic biologist who opened the kit at the crime lab, all identified the kit.

The biologist opening the kit did indicate that she was the first to open the kit, and there was later testimony concerning procedures to ensure the samples were not contaminated at the lab. In addition, the testimony indicated that the vaginal swab from the rape kit provided DNA that was consistent with both that of the victim and the petitioner, further establishing that the kit was indeed that taken during the victim's examination. Petitioner has not shown any indication that tampering occurred prior to the opening of the kit at the lab, or after the kit was opened at the lab, so as to call the transfer to the crime lab into question.

Petitioner also attempts to characterize the victim's recanting her testimony and the mother's statement that she was aware that her daughter was lying as evidence that was withheld by the State. The statements from the victim and her mother that were attached to the petition are dated October of 2000. The victim did not recant until after her testimony at trial. As for any statement by her mother that may have been made at trial, the mother's name appeared on the witness list, and she was therefore available to petitioner and his counsel to be interviewed prior to trial. Petitioner has not shown that any evidence was withheld.

Nor is a claim of a statement by the victim recanting her testimony cognizable in a error *coram nobis* proceeding. *Smith v. State*, 200 Ark. 767, 140 S.W.2d 675 (1940); *see also Taylor v. State*, 303 Ark. 586, 799 S.W.2d 519 (1990).[2] Moreover, in this case there was testimony that semen found in the victim's vagina was consistent with petitioner's DNA profile with an estimated frequency of one in 56 million. There was sufficient evidence of the charge even without the victim's testimony. Petitioner has shown neither the type of fundamental error nor facts which would have prevented rendition of the judgment so as to warrant this court reinvesting jurisdiction to consider a petition for writ of error *coram nobis*.

Furthermore, petitioner has not exercised due diligence as required to obtain relief. There is no specific time limit for seeking

---

[2] The State also cites *Harris v. State*, CR 94-1273 (Ark. March 29, 2001) (*per curiam*) in support of this position, but *Harris* is not a published case. As we have stated in *Carter v. Norris*, 367 Ark. 360, 240 S.W.3d 124 (2006) (*per curiam*) and *Weatherford v. State*, 352 Ark. 324, 101 S.W.3d 227 (2005), unpublished opinions will not be considered as authority and should not be cited to this court.

a writ of error *coram nobis,* but due diligence is required in making an application for relief and in the absence of a valid excuse for delay, the petition will be denied. *Echols v. State,* 360 Ark. 332, 202 S.W.3d 1 (2005). Due diligence requires that 1) the defendant be unaware of the fact at the time of trial; 2) he could not have, in the exercise of due diligence, presented the fact at trial; or 3) upon discovering the fact, did not delay bringing the petition. *Id.*

■ As already noted, petitioner was aware of the facts asserted in his claims at trial or shortly thereafter. Petitioner has asserted no good cause for failure to bring the petition more than five years after discovering the facts asserted here. Indeed, petitioner appears to have raised the issue of the victim recanting her testimony, and at least some of the issues concerning the chain of custody, in his direct appeal. While the court of appeals did not reach the merits of those claims, petitioner could have certainly raised the claims in a petition such as this long before he chose to do so. Accordingly, we decline to reinvest the trial court with jurisdiction to consider the petition for writ of error *coram nobis.*

Petition denied.