Charles Alan BAKER  *v.*  Larry NORRIS, Director,
Arkansas Department of Correction

06-830                                              255 S.W.3d 466

Supreme Court of Arkansas
Opinion delivered April 12, 2007

Appellant, pro se.

*Mike Beebe*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.

Paul Danielson, Justice. Pro se appellant Charles Alan Baker appeals from the circuit court's order dismissing his petition for habeas corpus relief brought against appellee Larry Norris, the director of the Arkansas Department of Correction. His sole point on appeal is that the circuit court erred in dismissing his petition. We affirm the circuit court's order.

A review of the record reveals that Baker's plea hearing was held in the Monroe County Circuit Court on August 4, 2004. At that hearing, the circuit court read aloud the following charges against Baker: possession of a controlled substance with intent, class Y; possession of a controlled substance, class B; possession of a firearm by a certain person, class B; escape in the second degree, class C; and attempted capital murder, class A. The prosecutor then presented its motion to the circuit court, in accord with plea negotiations:

> Prosecutor: Your Honor, the State has a motion subject to plea negotiations. State moves to nolle prosequi counts 1, 3, 4 and 5. Leaving Count 2, Possession of Drug Paraphernalia with Intent to Manufacture, Class B felony.

Following the circuit court's inquiry as to whether there were any objections, counsel for Baker stated that there were none and that "[t]hat is our understanding." The following colloquy then took place:

> DEFENSE COUNSEL: We are here to enter a plea of guilty to the remaining charge, a single class B felony.
>
> CIRCUIT COURT: Mr. Waters, did you say B?
>
> DEFENSE COUNSEL: B as in Boy.
>
> CIRCUIT COURT: A class B. And the charge will be?
>
> DEFENSE COUNSEL: Possession of Drug Paraphernalia with Intent to Manufacture.

The circuit court then addressed Baker:

> CIRCUIT COURT: Is this your signature on the plea statement?
>
> BAKER: Yes, it is, your Honor.
>
> CIRCUIT COURT: Did you read the plea statement before you signed it?
>
> BAKER: Yes, sir, your Honor.
>
> CIRCUIT COURT: Do you understand it?
>
> BAKER: Yes, sir.
>
> CIRCUIT COURT: Are you familiar with the minimum, maximum penalties prescribed by law for a class B felony being five years if convicted and a maximum of twenty years in the Arkansas Department of Correction?
>
> BAKER: Yes, sir.
>
> CIRCUIT COURT: Do you understand that you do not have to plead guilty and you have a Constitutional right to have a trial by a jury on these charges. Do you understand that?

BAKER: Yes, sir.

. . . .

CIRCUIT COURT: Your signature on the plea statement tells this Court that you understand these rights and you also wish to waive these rights. Is that correct?

BAKER: Yes, sir.

CIRCUIT COURT: Now, do you understand that by entering a plea of guilty you do indeed waive your Constitutional rights?

BAKER: Yes, sir.

The circuit court then inquired of Baker as to whether he had discussed the potential penalties and his right to a jury trial:

CIRCUIT COURT: Now, have you discussed with [defense counsel] the minimum, maximum penalties, five to twenty years?

BAKER: Yes, sir.

CIRCUIT COURT: Have you discussed with [defense counsel] your right to a have a jury trial?

BAKER: Yes, sir.

And finally, the circuit court inquired of Baker as to the facts and whether he did, in fact, commit the offense and also sentenced him in accordance with his negotiated plea:

CIRCUIT COURT: Have you discussed with [defense counsel] the facts surrounding this case? Have you explained to him your version of what happened or how it might have happened and what your involvement might have been?

BAKER: Yes, sir.

CIRCUIT COURT: Have you discussed with [defense counsel] a plea bargain to know what the State of Arkansas will recommend to the Court in exchange for your plea of guilty?

BAKER: Yes, sir.

CIRCUIT COURT: You understand that the recommendation of the State is not binding on the Court?

BAKER: Yes, sir.

CIRCUIT COURT: What does the State allege?

PROSECUTOR: On or about February the 18th, 2003 in Monroe County, Arkansas, he did unlawfully use or possess with intent to use drug paraphernalia to manufacture methamphetamine against the peace and dignity of the State of Arkansas.

CIRCUIT COURT: Did you do that, sir?

BAKER: Yes, sir.

CIRCUIT COURT: The Court finds that the defendant has freely and voluntarily entered a plea of guilty. There is a factual basis for the plea. He is found guilty of possession of drug paraphernalia with intent to manufacture. What is the recommendation of the State of Arkansas?

PROSECUTOR: Fifteen years Arkansas Department of Correction to run concurrent with his current sentences, and credit for time served.

. . . .

CIRCUIT COURT: . . . Now, Mr. Baker, was that your understanding of what the State would recommend as your sentence in this case?

BAKER: Yes, your Honor.

CIRCUIT COURT: Do you have any questions before the Court pronounces sentence in the case?

BAKER: No, sir.

CIRCUIT COURT: It is the judgment of the Court in case number 03-30, State of Arkansas versus Charles A.

Baker, that he be taken to the Arkansas Department of Correction. There to remain for a period of 15 years on the conviction of Possession of Drug Paraphernalia with the Intent to Manufacture, a Class B. The defendant will be given credit for time served from February 19, 2003. The sentence in 2003-30 is concurrent with the current sentence that the defendant is serving at the Department of Correction. It is the same as one sentence. You may stand down.

Subsequent to the hearing, a judgment and commitment order was entered on August 5, 2004, reflecting that Baker entered a negotiated plea of guilty to the offense of possession of drug paraphernalia with intent to manufacture methamphetamine, in violation of Ark. Code Ann. § 5-64-401 (Pamph. No. 2, Sept. 2002), and that he was sentenced to 180 months' imprisonment. On August 30, 2004, the Department of Correction completed a time computation card that only reflected Baker's prior conviction for criminal conspiracy. It indicated that he was eligible for transfer on January 4, 2005, and had a discharge date of December 2, 2009.

On October 29, 2004, an amended judgment and commitment order was entered by the circuit court, reflecting that Baker had negotiated a plea of guilty to the offense of possession of drug paraphernalia with intent to manufacture methamphetamine, in violation of *Ark. Code Ann. § 5-64-403* (Pamph. No. 2, Sept. 2002), and sentencing him to 180 months' imprisonment. (Emphasis added.) On November 9, 2004, the Department of Correction completed another time computation card, which reflected the addition of his drug paraphernalia conviction. Accordingly, Baker's new eligibility date for transfer was August 18, 2013, and his discharge date was computed to be February 17, 2018.

On March 29, 2006, Baker filed an affidavit in support of his pro se petition for writ of habeas corpus in the Jefferson County Circuit Court. In it, he claimed that on August 4, 2004, he agreed to enter a guilty plea to the charge of criminal conspiracy to manufacture and delivery and possession of methamphetamine. He stated that he was told that he would be sentenced and that he would plead guilty to the charge under Ark. Code Ann. § 5-64-401 and that he was advised that he would receive a fifteen-year sentence to be served concurrently with a prior conviction. He claimed that he was told that he would be required to serve only one-half of his sentence, minus statutory credits for good time, and

that he would receive 533 days of credit for time served. He specifically stated that he "was never informed by [his] trial counsel, the prosecuting attorney, o[r] the trial court before or at the guilty plea trial that [he] would be pleading guilty to a A.C.A. § 5-64-403 violation that [w]ould require [him] to serve 70% of [his] sentence before being parole eligible." Finally, he asserted that neither he nor his counsel was present "when the trial court changed the nature of the sentence origionally [sic] imposed and amended the judgment so that [his] conviction would be pursuant to § 5-64-403 rather than under the statute, A.C.[A]. 5-64-401 that [he] agreed to plead guilty to[,]" nor did they receive notice that the order would be changed.

On March 30, 2006, Baker filed his petition for issuance of a writ of habeas corpus. In it, he claimed that the Monroe County Circuit Court lacked jurisdiction to amend his judgment and commitment order without notice to him and without him being afforded the right to be present and represented by counsel. He further asserted that the amended judgment and commitment order clearly prejudiced him by altering the nature and degree of his punishment. In addition, he claimed that because he had already pled guilty to a violation of Ark. Code Ann. § 5-64-401, the amended judgment and commitment order convicting him under Ark. Code Ann. § 5-64-403 violated his double-jeopardy rights. For these reasons, he claimed, the amended judgment and commitment order was invalid on its face.

On April 19, 2006, the Attorney General's Office, on behalf of appellee Norris, filed a motion to dismiss Baker's petition. In it, the State conceded that the original judgment and commitment order did list the incorrect code section under which Baker was sentenced. However, the State asserted, the statutory reference was a clerical error, which was corrected by the amended judgment and commitment order to properly reflect the offense to which Baker actually pled guilty. Based on the clerical nature of the correction, the State averred that Baker's petition for habeas relief should be dismissed with prejudice, as he did not challenge the facial invalidity of the amended judgment and commitment order and because the jurisdiction of the circuit court was not at issue. Baker replied, asserting that the original judgment and commitment order controlled and that the circuit court lacked jurisdiction to enter the amended judgment and commitment order.

On June 1, 2006, the Jefferson County Circuit Court filed its order dismissing Baker's petition. In it, the circuit court concluded that Baker's allegations did not demonstrate that the Monroe County Circuit Court lacked jurisdiction or that the commitment was invalid on its face. The circuit court found that the Monroe County Circuit Court had personal jurisdiction over Baker and jurisdiction of the subject matter and, thus, it had the authority to render the judgment. Moreover, the circuit court found that Baker had not stated any facts or advanced any evidence to support his claim. For these reasons, the circuit court concluded that Baker's petition was frivolous and without merit and dismissed the petition with prejudice. In addition, the circuit court found that the dismissal should be considered a "strike" within the meaning of Ark. Code Ann. § 16-68-607 (Repl. 2005). Baker now brings this appeal.

Baker argues that in the instant case, he pled guilty to a violation of Ark. Code Ann. § 5-64-401 and not Ark. Code Ann. § 5-64-403. He claims that his fifteen-year sentence was a valid sentence under section 5-64-401 and that once it was put into execution, the circuit court lost jurisdiction to amend the judgment and commitment order, especially without notice to him and his counsel. He asserts that the amendment prejudiced him by requiring him to serve seventy percent of his sentence, as opposed to the quarter of his sentence, which he believed would be the case after his plea. In addition, he claims that the amended judgment and commitment order violated his right against double jeopardy.

The State, on behalf of appellee Norris, responds that Baker failed to meet his burden of showing any basis for a finding that a writ of habeas corpus should issue. While the State concedes that the original judgment and commitment order does list the incorrect criminal code section under which Baker was sentenced, it urges that the sentencing court not only had jurisdiction to commit Baker to imprisonment, but also had personal jurisdiction over Baker and had jurisdiction over the subject matter, as well as authority to accept the guilty plea and to render a judgment. It submits that the amended judgment and commitment order was facially valid and that because a circuit court may correct a clerical error, the sentencing court did not lack jurisdiction to amend the original judgment and commitment order.

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *See Noble v. Norris*, 368 Ark. 69, 243

S.W.3d 260 (2006). Unless a petitioner can show that the circuit court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *See id.* The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing, by affidavit or other evidence, [of] probable cause to believe" he or she is illegally detained. *Id.* (quoting Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006)). Moreover, a habeas proceeding does not afford a prisoner an opportunity to retry his or her case and it is not a substitute for direct appeal or postconviction relief. *See id.* A hearing is not required if the petition does not allege either of the bases of relief proper in a habeas proceeding, and, even if a cognizable claim is made, the writ does not have to be issued unless probable cause is shown. *See id.* Lastly, an appeal is the proper procedure for the review of a circuit court's denial of a petition for a writ of habeas corpus. *See id.*

In the instant case, Baker challenges the sentencing court's jurisdiction to amend his judgment and commitment order to reflect the correct statute under which he pled guilty. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *See id.* While Baker claims that he pled guilty to a violation of Ark. Code Ann. § 5-64-401, a review of the record plainly reveals that he pled guilty to the offense of possession of drug paraphernalia with the intent to manufacture methamphetamine. That offense is a violation of Ark. Code Ann. § 5-64-403(c)(5), not section 5-64-401. Section 5-64-403(c)(5) clearly provides:

> (5) It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to manufacture methamphetamine in violation of this chapter. Any person who pleads guilty, nolo contendere, or is found guilty of violating the provisions of this subsection shall be guilty of a Class B felony and shall be fined an amount not exceeding fifteen thousand dollars ($15,000).

Ark. Code Ann. § 5-64-403(c)(5) (Pamph. No. 2, Sept. 2002).

Accordingly, Baker's original judgment and commitment order was erroneous, as it listed his offense as a violation of section 5-64-401. The question becomes, then, whether the sentencing court had jurisdiction to amend the judgment and commitment order to reflect the correct statute. We hold that it did.

We have held that our case law is replete with examples of a clerical error in a judgment and commitment order and that such clerical errors have not prevented enforcement of the judgment and commitment order. *See Carter v. Norris*, 367 Ark. 360, 240 S.W.3d 124 (2006). As clerical errors do not speak the truth, courts have the power to enter an amended judgment and commitment order nunc pro tunc to correct an erroneous judgment. *See id.* (citing Ark. R. Civ. P. 60(b); *McCuen v. State*, 338 Ark. 631, 999 S.W.2d 682 (1999); *Willis v. State*, 90 Ark. App. 281, 205 S.W.3d 189 (2005)). Here, Baker admitted to possessing drug paraphernalia with the intent to manufacture methamphetamine during his plea hearing. The mere correction of the "A.C.A. # of offense" on the judgment and commitment order was the correction of a clerical error, especially where the name of the offense, its seriousness level, and all other information were correct and remained the same.

■ The principal issue in a habeas corpus proceeding is whether the petitioner is detained without lawful authority. *See Carter v. Norris, supra.* In Baker's petition to the circuit court, he failed to demonstrate that he was detained without lawful authority. Because he failed to show that his commitment was invalid on its face or failed to show that the sentencing court lacked jurisdiction, he did not establish any cause to grant the writ of habeas corpus. For that reason, we affirm the circuit court's denial of habeas relief.[1]

---

[1] We note that a portion of Baker's argument is premised on his assertion that the correction to the statute with which he was charged with violating resulted in his sentence being more onerous, due to the fact that it was subject to the "seventy-percent rule." As we read the statute, which governs the seventy-percent requirement, Ark. Code Ann. § 16-93-611 (Supp. 2003), Baker would have been subject to that requirement irrespective of whether he was convicted under section 5-64-401 or 5-64-403:

(a)(1) Notwithstanding any law allowing the award of meritorious good time or any other law to the contrary, any person who is found guilty of or who pleads guilty or nolo contendere to:

(A)  Murder in the first degree, § 5-10-102;

(B)  Kidnapping, Class Y felony, § 5-11-102;

(C)  Aggravated robbery, § 5-12-103;

(D)  Rape, § 5-14-103;

■ Baker additionally argues that the habeas court erred in designating the dismissal of his petition with prejudice as a "strike" under Ark. Code Ann. § 16-68-607 (Repl. 2005).[2] That section provides:

> In no event shall an incarcerated person bring a civil action or appeal a judgment in a civil action or proceeding under the Arkansas indigency statutes if the incarcerated person has on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the incarcerated person is under imminent danger of serious physical injury.

Ark. Code Ann. § 16-68-607. The State asserts that this court should not address this argument because Baker has failed to cite any authority in support of his argument. We agree. We have held that we will not consider an argument on appeal that has no citation to authority or convincing legal argument. *See Johnson v. State*, 356 Ark. 534, 157 S.W.3d 151 (2004). Indeed, we will not research or develop an argument for an appellant. *See Flanagan v. State*, 368 Ark. 143, 243 S.W.3d 866 (2006). Accordingly, we decline to address his argument.

Affirmed.

---

(E) Causing a catastrophe, § 5-38-202(a);

*(F) Manufacture of methamphetamine, § 5-64-401(a)(1)(i); or*

*(G) Possession of drug paraphernalia with the intent to manufacture methamphetamine, § 5-64-403(c)(5)*

shall not, except as provided in subsection (b) of this section, be eligible for parole or community punishment transfer until the person serves seventy percent (70%) of the term of imprisonment to which the person is sentenced, including a sentence prescribed under § 5-4-501.

Ark. Code Ann. § 16-93-611 (Supp. 2003) (emphasis added).

[2] The State further urges that because Baker did not challenge the circuit court's order under Ark. R. Civ. P. 60, this argument is not preserved for our review; however, we disagree. In *McArty v. State*, 364 Ark. 517, 221 S.W.3d 332 (2006), we observed that we have never applied the Rules of Civil Procedure to postconviction-relief proceedings. Moreover, we held that we do not apply Ark. R. Civ. P. 60 in criminal cases, including those involving a petition for postconviction relief pursuant to Ark. R. Crim. P. 37.1. *See id.* Nor will we apply it in a case such as the one at hand, a postconviction habeas proceeding. Accordingly, the State's argument is without merit.