SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-16-526

|  |  |
|---|---|
| | Opinion Delivered:  January 25, 2017 |
| ONE BANK & TRUST, N.A.<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, NINTH DIVISION [NO. 60CV-15-1738] |
| V. | |
| HORACE L. LENDERMAN, DIANNA SUE LENDERMAN, AND FRANCELLA K. MERRITT<br>APPELLEES | HONORABLE MARY SPENCER MCGOWAN, JUDGE<br><br>REVERSED IN PART; AFFIRMED IN PART; APPELLEES' MOTION DENIED |

## KENNETH S. HIXSON, Judge

This case involves an interpleader action filed by appellant One Bank & Trust, N.A. (the Bank) with respect to funds being held by the Bank. In its complaint for interpleader, the Bank named the appellees herein, Horace L. Lenderman, Dianna Sue Lenderman, and Francella K. Merritt, as defendants who may assert a claim to the funds. The trial court authorized the Bank to deposit the disputed funds into the court registry, and later entered summary judgment awarding the interpleaded funds to Francella. The trial court subsequently awarded Horace and Francella attorney's fees in the amount of $3,188.25 and did not award attorney's fees to the Bank. The Bank filed a motion for clarification and reconsideration of the order awarding attorney's fees, which was deemed denied thirty days later by operation of law. The Bank appealed from both the order awarding attorney's fees and the denial of its posttrial motion.

SLIP OPINION

The issues on appeal are solely related to attorney's fees. The Bank argues that the trial court erred in granting separate appellees Horace and Francella's motion for attorney's fees. The Bank further argues that the trial court erred in denying its motion for attorney's fees and costs. Finally, the Bank assigns error to the trial court's denial of its motion for clarification and reconsideration of the order awarding attorney's fees. We reverse the award of attorney's fees to the appellees, and we affirm the trial court's decision declining to award attorney's fees and costs to the Bank.

The underlying facts are these. Horace and Dianna are married, and Francella is Horace's daughter. The appellees held a certificate of deposit (CD) account with the Bank. The CD account was closed in August 2013, and on August 26, 2013 the Bank issued a check for $21,005.10 made payable to Horace or Dianna.

The appellees did not deposit or otherwise negotiate the check for a period of several months, and on June 12, 2014, the Bank placed a stop-payment on the check. On the same day, the Bank issued a replacement check (less a $45.00 stop-payment fee) in the amount of $20,960.10 made payable to Horace or Francella.[1] Francella then deposited that check into a One Bank account.

On July 17, 2014, the Bank received a letter from Dianna's attorney stating that Dianna had attempted to deposit the original check at a different bank, but that payment was refused due to the stop-payment order on the check. In the letter, Dianna's attorney demanded payment of the funds, stating that if prompt payment was not made a lawsuit

---

[1]The Bank alleged that the stop-payment on the first check and the issuance of the replacement check was at the request of one or more of the appellees, who had reported the first check lost or misplaced.

SLIP OPINION

would be filed against the Bank. In response to that letter, the Bank placed a hold on the $20,960.10 that had been deposited with the Bank by Francella, representing the amount of the replacement check.

On August 27, 2014, and again on September 9, 2014, the Bank sent letters addressed to each of the appellees advising them of the situation and of the hold placed on the account where the replacement check had been deposited. In these letters, the Bank requested payment instructions so that the $20,960.10 being held by the Bank could be released. The letter further advised that, if agreed payment instructions were not timely provided, the Bank would deposit the funds with the court so that competing claims could be determined with no further involvement of the Bank. The Bank received no response to these letters.

On May 22, 2015, the Bank filed a complaint for interpleader, naming the appellees as defendants. In its complaint, the Bank alleged that because competing claims had been made or may be made by each of the appellees, the Bank was unable to determine without hazard to itself which of them was legally entitled to the funds being held by the Bank. The Bank asserted that it should not be required to make that determination because, by doing so, it may subject itself to double liability. The Bank asked permission to deposit the funds into the court's registry, and upon doing so to be discharged from all liability.

Dianna filed a separate answer, asking that the Bank's complaint for interpleader be dismissed. Horace and Francella filed a joint answer, asserting that they were entitled to the funds at issue and asking that the Bank's complaint be denied and dismissed. On July 22, 2015, the trial court entered an order authorizing the Bank to deposit $20,960.10 into the court's registry.

Horace and Francella subsequently filed a motion for summary judgment, requesting that the trial court award the interpleaded funds to Francella. Dianna did not respond to the summary-judgment motion. The Bank responded, stating that it had no objection to the relief requested, and asking that it be dismissed from the action. On August 27, 2015, the trial court entered summary judgment, awarding the interpleaded funds to Francella. The trial court reserved the issue of attorney's fees, inviting each party to petition the court.

Horace and Francella filed a petition for attorney's fees, seeking attorney's fees of $3,188.25. The Bank also filed a petition for attorney's fees and costs, asking for attorney's fees of $3,665.52 and costs of $335. The Bank's motion was premised on Arkansas Rule of Civil Procedure 22(b), which provides:

> A plaintiff who disclaims any interest in the money or property that is the subject of the interpleader action shall, upon depositing the money or property in the registry of the court, be discharged from all liability. The court may make an award of reasonable litigation expenses, including attorneys' fees, to such a plaintiff.

On March 11, 2016, the trial court entered an order awarding attorney's fees of $3,188.25 to Horace and Francella and did not award the Bank attorney's fees. In support of the award, the trial court ruled that, as evidenced by the summary judgment entered in favor of Horace and Francella, they were the prevailing parties in the case.

The Bank timely filed a motion for clarification and reconsideration with regard to the order awarding attorney's fees. The Bank asked the trial court to reconsider its award of attorney's fees to Horace and Francella, and alternatively to include specific findings supporting that award and specifying the rule or statute upon which the award was based. The Bank also asked the trial court to reconsider its motion for attorney's fees and to include specific findings supporting its ruling. The Bank's motion was subsequently deemed denied.

SLIP OPINION

In this appeal, the Bank first argues that the trial court erred in granting Horace and Francella's motion for attorney's fees. Our general rule relating to attorney's fees is well established and it is that attorney's fees are not allowed except when expressly provided for by statute. *Hanners v. Giant Oil Co. of Ark., Inc.*, 373 Ark. 418, 284 S.W.3d 468 (2008). An award of attorney's fees will not be set aside absent an abuse of discretion. *Id.* The Bank contends that the trial court abused its discretion in awarding attorney's fees because Horace and Francella failed to specify any statute or rule that entitled them to fees, nor did the trial court's order. We agree that there was no basis to support the trial court's award of attorney's fees to Horace and Francella.

Arkansas Rule of Civil Procedure 54(e)(2) requires that a claim for attorney's fees, among other things, must specify the statute or rule entitling the moving party to the award. In *Crawford & Lewis v. Boatmen's Trust Co.*, 338 Ark. 679, 1 S.W.3d 417 (1999), the supreme court held that the requirement that the motion contain the specific rule or statute providing for attorney's fees is the essence of the thing to be done by the rule, and is therefore mandatory.

In this case Horace and Francella's motion for attorney's fees did not specify any statute or rule authorizing an award, nor was there any authority for the award. The trial court's order awarding the attorney's fees failed to cite any basis for the award other than that the appellees were the prevailing party. The appellees now assert that this finding entitled them to attorney's fees pursuant to Arkansas Code Annotated section 16-22-308 (Repl. 1999), which provides for attorney's fees to the prevailing party in a breach-of-contract case. However, this was not a breach-of-contract case; it was solely an interpleader

action filed by the Bank. There was no counterclaim by the appellees, nor was a breach–of-contract action filed, and there was never a determination of a breach of any contract by the trial court. Furthermore, it cannot be said that Horace and Francella prevailed over the Bank, as the Bank disclaimed any interest in the funds. Therefore, we conclude that the trial court abused its discretion in awarding attorney's fees to Horace and Francella.

The Bank next argues that the trial court erred in denying its motion for attorney's fees and costs. In the Bank's motion for attorney's fees, the Bank cited Arkansas Rule of Civil Procedure 22(b), which provides that the trial court "*may* make an award of reasonable litigation expenses, including attorney's fees" to the plaintiff being discharged from liability in an interpleader action. (Emphasis added). While we agree that Rule 22(b) authorized an award of attorney's fees to the Bank in this case, the rule expressly provides that the trial court *may* award such fees. The Reporter's Notes to the rule indicate that the fee award is discretionary rather than mandatory. Therefore, the trial court was not required to award attorney's fees and costs to the Bank, and we hold that there was no abuse of discretion in the trial court's declining to award such fees. Our supreme court has held that the decision of whether to award attorney's fees lies within the sound discretion of the trial court. *See Jones v. Abraham*, 341 Ark. 66, 15 S.W.3d 310 (2000).

The Bank's remaining argument is that the trial court erred in denying its posttrial motion for clarification and reconsideration of the attorney's fees. As part of its argument, the Bank contends that the attorney-fee award to the appellees was contrary to the law and should have been clarified by the trial court. Because we are reversing the award of attorney's fees to the appellees, this part of the Bank's argument is moot. The Bank also

argues under this point that the trial court's decision to deny its motion for attorney's fees and costs was clearly against the preponderance of the evidence and contrary to law pursuant to Ark. R. Civ. P. 59(a)(6). However, as we stated previously, the trial court acted within its authority in not awarding attorney's fees to the Bank because Rule 22(b) is discretionary.

Finally, we note that the appellees cited an unpublished court of appeals case in its brief, which was impermissible pursuant to Supreme Court Rule 5-2(c). After the parties' briefs were filed in this case, the appellees realized this oversight and filed a motion for leave to cite the unpublished case, and alternatively for leave to file an amended brief that omits the prohibited reference. That motion was passed until submission of the case, and we now deny the motion. As our supreme court stated in *Carter v. Norris*, 367 Ark. 360, 240 S.W.3d 124 (2006), unpublished opinions will not be considered as authority and should not be cited to the appellate court. Therefore, in our review of this case we did not consider the unpublished opinion cited by the appellees.

For the reasons stated in this opinion, we reverse the attorney's fees awarded to the appellees, and we affirm the trial court's decision declining to award attorney's fees and costs to the Bank.

Reversed in part; affirmed in part; appellees' motion denied.

VIRDEN and VAUGHT, JJ., agree.

*Hopkins Law Firm, P.A.*, by: *Stewart Headlee* and *Gregory M. Hopkins*, for appellant.

*Dodds, Kidd & Ryan*, by: *Lucas Rowan* and *Catherine A. Ryan*, for appellees.