ROBIN F. WYNNE, Associate Justice
Appellant Henry Timmons appeals the denial of his pro se petition for leave to proceed in forma pauperis on a petition for writ of habeas corpus. Because it is clear from the record that Timmons's cause of *825 action cannot proceed as a matter of law, we affirm.
Our standard of review of a decision to grant or deny a petition to proceed in forma pauperis is abuse of discretion, and the circuit court's factual findings in support of its exercise of discretion will not be reversed unless clearly erroneous. Whitney v. Guterres , 2018 Ark. 133, 2018 WL 1957077, petition for cert. filed (U.S. Aug. 24, 2018 (No. 18-5891) ). An abuse of discretion occurs when the court acts arbitrarily or groundlessly. Whitney v. State , 2018 Ark. 138, 2018 WL 1957111.
Arkansas Rule of Civil Procedure 72 (2017) conditions the right to proceed in forma pauperis in civil matters on indigency and the circuit court's satisfaction that the alleged facts indicate a colorable cause of action. Ark. R. Civ. P. 72(c) (2017). A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. Penn v. Gallagher , 2017 Ark. 283, 2017 WL 4683871. The circuit court must first make a specific finding of indigency based on the petitioner's affidavit before addressing whether the petitioner has stated a colorable cause of action. Ark. R. Civ. P. 72(c). The determination of a colorable claim is then made from an evaluation of the petitioner's nonconclusory factual allegations because under this court's rules of civil procedure, allegations in a pleading must state facts and not mere conclusions in order to entitle the pleader to relief. Ballard Grp., Inc. v. BP Lubricants USA, Inc. , 2014 Ark. 276, at 6, 436 S.W.3d 445, 449 (citing Ark. R. Civ. P. 8(a) (2013) ).
The circuit court found that Timmons had presented sufficient evidence to establish that he was indigent. The circuit court then found that Timmons had failed to allege a matter cognizable in a habeas petition and had not presented a colorable cause of action. The court did not identify the allegations that Timmons made or explain why it concluded that those allegations, as a matter of law, were not sufficient to support a claim for the writ. Nevertheless, it is unnecessary for us to remand the case, because it is clear from the record that Timmons's cause of action cannot proceed as a matter of law. See Ashby v. State , 2017 Ark. 233, 2017 WL 3300478.
A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. Philyaw v. Kelley , 2015 Ark. 465, 477 S.W.3d 503. A petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner in proceedings for a writ of habeas corpus can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for finding that a writ of habeas corpus should issue. Fields v. Hobbs , 2013 Ark. 416, 2013 WL 5775566.
Timmons was convicted of a rape that occurred in February 1983. Timmons alleges that he was sentenced as a habitual offender under Act 409 of 1983, which was not in effect at the time the offense was committed, and that the application of the Act to him was ex post facto, rendering the sentencing order illegal due to a lack of jurisdiction. He does not, however, contend that his sentence was rendered void or illegal due to this alleged error, and his ex-post-facto claim does not implicate the subject-matter *826 jurisdiction of the trial court. Timmons's ex-post-facto claim does not challenge the facial validity of the judgment, nor does it demonstrate a lack of jurisdiction by the trial court. As such, it is not cognizable in a petition for habeas-corpus relief. See Burgie v. Hobbs , 2013 Ark. 360, 2013 WL 5436626 (per curiam).
Affirmed.
Hart, J., dissents.
The circuit court, in rejecting Mr. Timmons's petition to proceed in forma pauperis did not make the findings required by Rule 72 of the Arkansas Rules of Civil Procedure. Accordingly, this case must be remanded to the circuit court to make adequate findings. Rea v. Kelley , 2018 Ark. 329, 559 S.W.3d 746 ; Gardner v. Kelley , 2018 Ark. 212, 549 S.W.3d 349 ; Wood v. State , 2017 Ark. 290, 2017 WL 4837357. The majority is simply wrong when it ignores this clear precedent; inexplicably, one of the cited cases, Gardner was authored by the writing judge in this case.
Furthermore, I dispute the majority's contention that Mr. Timmons has not stated a "colorable cause of action" in his habeas petition. Habeas corpus is a vital privilege that is protected by the Arkansas Constitution. Cloird v. State , 349 Ark. 33, 40, 76 S.W.3d 813, 817 (2002) (citing Ark. Const. art. 2, § 11 ). The purpose of the writ is to protect an individual from unlawful confinement, including prison sentences that are longer than that permitted by statute, which constitutes a denial of liberty without due process of law. Id. See also Renshaw v. Norris , 337 Ark. 494, 989 S.W.2d 515 (1999). Further, it is well established that a prisoner's sentence is governed by the sentencing law in effect at the time he committed the offense. Rogers v. Knight , 2017 Ark. 267, 527 S.W.3d 719 ; Bosnick v. Lockhart , 283 Ark. 533, 677 S.W.2d 292 (1984).
Sentencing Mr. Timmons in accordance with a statute that was not in effect at the time he committed the offense for which he is being incarcerated violates the well-settled law that a prisoner's sentence is governed by the sentencing law in effect at the time he committed the offense. Rogers , supra ; Bosnick , supra. Mr. Timmons is therefore being forced to serve a sentence that is longer than authorized by statute, which makes out a "colorable claim" for habeas relief. See Cloird , supra.
I dissent.