ROBIN F. WYNNE, Associate Justice
Petitioner Shawn Trevell Rainer is incarcerated serving a term of 960 months' imprisonment in the Arkansas Department of Correction for his conviction of second-degree murder. The Arkansas Court of Appeals affirmed his conviction in Rainer v. State , 2012 Ark. App. 588, 2012 WL 5328599, and Rainer filed the instant petition in which he seeks permission from this court to proceed in the trial court with a petition for writ of error coram nobis.[1]
*464 Rainer alleges that trial error resulted in the imposition of an illegal sentence, but because a petition for the writ is not the means for addressing the issue, we deny his petition to reinvest jurisdiction in the trial court. Rainer later filed a motion for default judgment under Rule 55 of the Arkansas Rules of Civil Procedure (2018), which we also deny.[2]
In his petition, Rainer alleges that he was initially charged with first-degree murder as a "small habitual offender." The information in the record on appeal sets out the charge, in addition to first-degree murder, that Rainer was a habitual offender and had been convicted of two previous felonies, one of which was a 1998 conviction for second-degree murder. The judgment of conviction that Rainer would challenge reflects that he was convicted of second-degree murder and sentenced to 960 months' imprisonment, with the judgment noting an enhancement imposed under Arkansas Code Annotated section 5-4-501(a). Rainer asserts that during the sentencing phase, the jury was incorrectly instructed to consider his punishment with a "serious violent offender" enhancement under Arkansas Code Annotated section 5-4-501(c) (Supp. 2007),[3] without objection from defense counsel. Rainer made similar allegations in his petition under Arkansas Rule of Criminal Procedure 37.1 (2017) without obtaining a ruling on the issue. See State v. Rainer , 2014 Ark. 306, 440 S.W.3d 315 (reversing the grant of postconviction relief on a different claim). In the petition before us, Rainer alleges that the enhancement on the judgment is facially invalid, and he contends that it was trial error to permit the harsher enhancement to be imposed.
Our standard of review for granting permission to reinvest jurisdiction in the circuit court to pursue a writ of error coram nobis requires that this court grant permission for a petitioner to proceed only when it appears that the proposed attack on the judgment is meritorious. Howard v. State , 2012 Ark. 177, at 4-5, 403 S.W.3d 38, 43. In making such a determination, we must look to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof. Id.
A writ of error coram nobis is an extraordinarily rare remedy, and proceedings for the writ are attended by a strong presumption that the judgment of conviction is valid. Jackson v. State , 2018 Ark. 227, at 2, 549 S.W.3d at 358. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. Id. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. Id. The writ is granted only to correct some error of fact, and it does not lie to correct trial error or to contradict *465 any fact already adjudicated. Smith v. State , 200 Ark. 767, 140 S.W.2d 675 (1940).
The claims that Rainer would raise in an error coram nobis petition are founded on his allegations that the information was not properly amended and that the sentence on the judgment was therefore invalid, which are not errors extrinsic to the record. Assertions of trial error that could have been raised at trial are not within the purview of a coram nobis proceeding. Martinez-Marmol v. State , 2018 Ark. 145, at 4, 544 S.W.3d 49, 53. Rainer alleges his attorney failed to challenge the amendment of the information. Claims that counsel was ineffective are also not grounds for the writ. Wooten v. State , 2018 Ark. 198, at 3, 547 S.W.3d 683, 685.
To the extent that Rainer appears to contend that he could only be sentenced under Arkansas Code Annotated section 5-4-501(a), he is mistaken. As the State notes in its response, the subsection's notation on the judgment appears to be a scrivener's error because the jury, as Rainer admits, was instructed under subsection (c) of the statute, and Rainer's two previous convictions described in the information charging him as a habitual offender do not fall within the parameters of subsection (a) because one of those previous convictions was for second-degree murder.
Rainer frames the issue as one of an illegal sentence. This court views an issue of a void or illegal sentence as being an issue of subject-matter jurisdiction that can be addressed at any time. Richie v. State , 2009 Ark. 602, at 4, 357 S.W.3d 909, 912. An illegal sentence is one that is illegal on its face. Jackson v. State , 2018 Ark. 209, at 4, 549 S.W.3d 346, 348. A sentence is illegal on its face when it is void because it is beyond the trial court's authority to impose and gives rise to a question of subject-matter jurisdiction. Id.
Under section 5-4-501(c), Rainer was subject to being sentenced to imprisonment for a term of not less than forty years nor more than eighty years, or life.[4] Rainer's sentence-960 months' imprisonment, or imprisonment for eighty years-falls within that range. Although Rainer alleges his sentence is illegal and that he was convicted of an offense for which he was not charged, the factual basis for these claims is insufficient to go beyond allegations of a defective information and trial error stemming from insufficient notice for an "amendment" of the information. General defective-information allegations do not implicate the facial validity of a trial court's judgment or jurisdiction. Anderson v. Kelley , 2018 Ark. 222, at 3, 549 S.W.3d 913, 915. As noted, the information included a habitual-offender allegation with a description of the two previous convictions that included one for second-degree murder, which brought the charge within the parameters of section 5-4-501(c). Rainer's allegations-that the specific language used was insufficient to provide notice of that charge and distinguish the enhancement from one under subsection (a) of the statute-did not therefore raise a jurisdictional issue concerning the judgment.
Petition and motion denied.

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. Jackson v. State , 2018 Ark. 227, at 2, 549 S.W.3d 356, 358.

Rainer does not set out in his motion a basis for Rule 55, which permits an application for default judgment in civil proceedings when a party against whom relief is sought has failed to plead or otherwise defend as required by the civil procedure rules, to apply in these circumstances. The State filed a response to Rainer's petition for permission to proceed with a petition for relief on a criminal judgment within the time limitation set out in Arkansas Supreme Court Rule 2-1(d) (2018), which allows but does not require that a response be filed.

Although the State references Arkansas Code Annotated section 5-4-501(c) (Supp. 2009) as the applicable statute, because Rainer's crime was committed on June 14, 2009, Act 1395 of 2009 Acts of Arkansas, which was effective as of July 31, 2009, was not applicable.

The term was without eligibility for parole or community correction transfer except under Arkansas Code Annotated section 16-93-1302, which permitted parole after the age of fifty-five. Ark. Code Ann. § 16-93-1302 (Repl. 2006) (repealed 2011).