Cite as 2019 Ark. 359

# SUPREME COURT OF ARKANSAS

No. CV–19–531

| | |
|---|---|
| SHAWN T. RAINER<br><br>APPELLANT | Opinion Delivered: December 5, 2019 |
| V.<br><br>WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEE | PRO SE MOTIONS TO COMPEL APPELLEE TO PRODUCE FILE-MARKED COPIES AND TO SUPPLEMENT ADDENDUM [LINCOLN COUNTY CIRCUIT COURT, NO. 40CV-19-37]<br><br>APPEAL DISMISSED; MOTIONS MOOT. |

**KAREN R. BAKER, Associate Justice**

Appellant Shawn T. Rainer filed a pro se petition for writ of habeas corpus in the circuit court of the county where he was incarcerated, and the circuit court denied and dismissed the petition. Rainer appealed the order denying his habeas petition, and he filed pro se motions in which he seeks a copy of documents from the record on appeal in order to prepare his brief and some accommodation for the resulting delay in filing his brief.[1] There is no need for this court to consider the motions and whether Rainer should be provided a copy or access to the record because Rainer's habeas petition was clearly without merit. Accordingly, we dismiss the appeal, and the motions are moot.

---

[1]Rainer seeks to require the appellee to file a supplemental addendum with the missing documents or permit him to file a supplemental addendum when he receives the documents.

An appeal from an order that denied a petition for postconviction relief, including a petition for writ of habeas corpus, will not be permitted to go forward when it is clear, as it is here, that the appellant could not prevail. *Jones v. State*, 2019 Ark. 12, 565 S.W.3d 100. Under the statutes that Rainer invoked in his petition, a writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Bell v. Gibson*, 2019 Ark. 127. Rainer did not plead facts to support a basis for the writ to issue.

Rainer alleged in the habeas petition that (1) the trial court lacked jurisdiction to enter a 2011 Mississippi County judgment reflecting Rainer's conviction on a charge of second-degree murder as a habitual offender and (2) the judgment was facially invalid because he was convicted under a statute not in effect when the crime was committed. In support of these claims, Rainer reiterates many of the allegations that this court addressed in *Rainer v. State*, 2019 Ark. 42, 566 S.W.3d 462. In that case, Rainer sought to proceed with a petition for writ of error coram nobis, and he contended that the judgment was facially illegal and void, that it imposed an illegal sentence, and that the judgment imposed an enhancement under Arkansas Code Annotated section 5-4-501(a), although the jury was instructed on an enhancement under Arkansas Code Annotated section 5-4-501(c). In his habeas petition, as he did in the previous proceedings, Rainer further alleged ineffective assistance of counsel, prosecutorial misconduct, and trial error concerning the amendment of the charging instrument in conjunction with the sentence imposition.

Rainer is correct that in *Rainer*, this court acknowledged that the earlier statute was applicable. However, although Rainer alleged that he was sentenced under Arkansas Code

Annotated section 5-4-501(c) (Supp. 2009), the judgment he attached to the habeas petition does not indicate a date for the statute, and as this court noted in *Rainer*, the incorrect subsection was a scrivener's error. Clerical errors do not prevent enforcement of a judgment, and a circuit court can enter an order nunc pro tunc at any time to correct clerical errors in a judgment or an order. *Martinez v. State*, 2019 Ark. 85, 569 S.W.3d 333; *see also Ratliff v. Kelley*, 2018 Ark. 105, 541 S.W.3d 408 (noting that a claim of clerical error did not factually impact either of the grounds for habeas).

Rainer's claim that he was sentenced under the statute as amended in 2009 is conclusory and without factual support.[2] More importantly, even if Rainer was incorrectly sentenced under the later version of the statute, Act 1395 of 2009 Acts of Arkansas made no change to the sentencing range in the statute as it applied to Rainer. *See Timmons v. Kelley*, 2018 Ark. 361, 562 S.W.3d 824 (holding that ex post facto claim not alleging the sentence was rendered void or illegal due to the alleged error does not challenge the facial validity of the judgment). Despite Rainer's contention that there was no "serious violent offender" enhancement prior to passage of the Act, the language in both Arkansas Code Annotated section 5-4-501(c) (Supp. 2007) and the amended statute was identical for a punishment enhancement for an offender who had a previous second-degree murder conviction, as Rainer had. The sentence imposed was not illegal under either statute.

---

[2]In support of his claim that he was sentenced under the later statute, Rainer appeared to point to the docket listing that he attached to the habeas petition and to the fact that the State referenced the later statute in its brief in *Rainer*. The docket listing confirmed the date that Rainer was sentenced but did not reference the statute for the enhancement, and an incorrect citation by the State long after trial obviously has no bearing on Rainer's actual sentencing.

Rainer's claims of ineffective assistance of counsel are not cognizable in habeas proceedings. *Watson v. Kelley*, 2019 Ark. 147. Rainer's claims of prosecutorial misconduct and trial error concerning amendment of the information are equally unavailing. *Mister v. Kelley*, 2019 Ark. 187, 575 S.W.3d 410; *see also McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385 (holding that a claim of prosecutorial misconduct does not implicate the facial validity of the judgment or the jurisdiction of the trial court). Because Rainer's habeas petition was clearly without merit, he cannot prevail on appeal.

Appeal dismissed; motions moot.

HART, J., concurs without opinion.