Cite as 2020 Ark. 205

# SUPREME COURT OF ARKANSAS
**No.** CR–17–241

| | |
|---|---|
| FRANKIE VON HOLT<br><br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br><br>RESPONDENT | **Opinion Delivered:** May 21, 2020<br><br><br>PRO SE PETITION TO FILE A PETITION FOR WRIT OF ERROR CORAM NOBIS IN THE CIRCUIT COURT [SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT, NO. 66FCR–15–1380]<br><br>PETITION DENIED. |

**RHONDA K. WOOD, Associate Justice**

Frankie Von Holt[1] petitions this court for permission to file a writ of error coram nobis in the trial court. We deny his petition because it contains no allegations of trial error that are grounds for error coram nobis relief.

Von Holt was convicted of trafficking methamphetamine, possession of drug paraphernalia, possession of hydromorphone with the purpose to deliver, possession of oxycodone with the purpose to deliver, and conspiracy to commit delivery of methamphetamine. He was sentenced as a habitual offender to an aggregate sentence of 2,200 months' imprisonment in the Arkansas Department of Correction. His conviction was affirmed on appeal. *Vonholt v. State*, 2018 Ark. App. 53, 540 S.W.3d 312. Von Holt

---

[1] At times, the record and the direct appeal reflect Petitioner as "Vonholt." He filed this petition as Von Holt.

now seeks permission to petition for writ of error coram nobis in the trial court, alleging trial error in the evidence of past offenses and a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Because Von Holt's claims do not establish grounds for the writ, we deny the petition.

## I. *Nature of the Writ of Error Coram Nobis*

Once a judgment is affirmed on appeal, a trial court cannot proceed with a petition for writ of error coram nobis unless this court grants permission and reinstates jurisdiction. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *Id.* In coram nobis proceedings, the strong presumption is that the judgment of conviction is valid. *Id.* Petitioner has the burden to demonstrate a fundamental error of fact extrinsic to the record. *Id.* The court permits the writ only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.*

A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial; (2) a coerced guilty plea; (3) material evidence withheld by the prosecutor in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The petitioner must specify the facts relied on and not merely state conclusions for the nature of such facts. *McCullough v. State*, 2017 Ark. 292, 528 S.W.3d 833.

II. *Claims for Issuance of the Writ*

A. Prior Felony Convictions

Von Holt contends that the State and his trial counsel failed to ascertain the veracity of his prior felony convictions. He argues that the failure of the State and his trial counsel to verify his prior convictions created prejudice. Assertions of trial error or prosecutorial misconduct that a defendant could have raised at trial are not within the purview of a coram nobis proceeding. *Martinez-Marmol v. State*, 2018 Ark. 145, 544 S.W.3d 49; *see also Joiner v. State*, 2019 Ark. 279, 585 S.W.3d 161. Moreover, claims that trial counsel was ineffective are not grounds for the writ. *Rainer v. State*, 2019 Ark. 42, 566 S.W.3d 462. Von Holt does not allege that there was any evidence extrinsic to the record that the State hid from the defense or that was unknown at the time of trial, and therefore, this claim does not merit relief.

B. Confession of Codefendant

Von Holt also alleges that his codefendant, Curtis Jones, sent him a handwritten letter admitting that the drugs found in the truck were Jones's and that Von Holt gave the letter to his trial counsel before trial. Von Holt claims that his counsel and the prosecution suppressed the letter because neither presented the letter to the trial court or to the jury.

To establish a *Brady* violation, three elements are required: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the State must have suppressed the evidence, either willfully or inadvertently; and (3) prejudice must have ensued. *Ivory v. State*, 2019 Ark. 386, 589 S.W.3d 378. Because Von Holt admits that he and his trial counsel had the letter before trial, the State did not withhold it

in a manner that raises a *Brady* violation.[2] *See Ivory*, 2019 Ark. 386, 589 S.W.3d 378. Because Von Holt has failed to establish a ground for issuance of the writ, we deny his petition for writ of error coram nobis.

Petition denied.

*Dusti Standridge*, for petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Sr. Ass't Att'y Gen., for respondent.

---

[2] He raised this claim and this court addressed it in Von Holt's appeal from the denial of his petition for postconviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure. *Von Holt v. State*, 2019 Ark. App. 432, at 3, 585 S.W.3d 192, 195.