Cite as 2020 Ark. 391

# SUPREME COURT OF ARKANSAS

No. CV-20-219

ROMAN CERVANTES

APPELLANT

V.

WENDY KELLEY, DIRECTOR,
ARKANSAS DEPARTMENT OF
CORRECTION

APPELLEE

**Opinion Delivered:** December 3, 2020

PRO SE APPEAL FROM THE
JEFFERSON COUNTY CIRCUIT
COURT
[NO. 35CV-20-38]

HONORABLE JODI RAINES
DENNIS, JUDGE

AFFIRMED.

**KAREN R. BAKER, Associate Justice**

Appellant Roman Cervantes appeals the circuit court's denial of his pro se petition

for a writ of habeas corpus filed pursuant to Arkansas Code Annotated sections 16-112-101

to -123 (Repl. 2016). Cervantes, who is incarcerated in the county where he filed his

petition, alleged in the petition filed below and in his arguments on appeal that the Arkansas

Department of Correction (ADC) illegally denied him parole. The circuit court denied and

dismissed his petition on the basis that issues surrounding parole eligibility are not cognizable

in habeas proceedings. We affirm.

I. *Background*

Cervantes alleged in his petition filed in the circuit court that he had been convicted

of failure to appear, a Class C felony, on March 7, 2019, and was sentenced to forty-eight

months' imprisonment. The sentencing order is not in the record. However, the record

demonstrates that Cervantes appeared before the parole board on September 5, 2019, and

was denied parole for two years. Cervantes appealed the denial of his parole, and the parole board affirmed the two-year denial on September 30, 2019. Cervantes contends that the parole board's actions were illegal and in violation of Arkansas Code Annotated section 16-93-615 in that "a two-year denial is an unauthorized option for a non-discretionary offender." Cervantes does not challenge the legality of his sentence of forty-eight months' imprisonment. The maximum sentence for a Class C felony is ten years' imprisonment, and Cervantes's sentence for failure to appear does not exceed the maximum sentence for that offense. *See* Ark. Code Ann. § 5-54-120(c)(1) (Repl. 2016); Ark. Code Ann. § 5-4-401(a)(4) (Repl. 2016).

## II. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

## III. *Nature of the Writ*

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). A trial court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Id.* Under our statute, a petitioner for the writ who does not allege his or her actual

innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and show, by affidavit or other evidence, probable cause to believe that the petitioner is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

IV. *Parole Eligibility*

As stated above, Cervantes argues that he is entitled to habeas relief because the ADC illegally denied him parole. Parole-eligibility claims are not cognizable in a habeas proceeding. *Finney v. Kelley*, 2020 Ark. 145, 598 S.W.3d 26. Habeas proceedings do not extend to issues of parole eligibility and are limited to the questions of whether the petitioner is in custody pursuant to a valid judgment of conviction and whether the convicting court had proper jurisdiction. *Id.* Parole eligibility falls clearly within the domain of the executive branch—specifically, the ADC—as fixed by statute. *Id.* A question regarding parole eligibility is not properly raised in a habeas proceeding because it does not challenge the circuit court's jurisdiction or the facial invalidity of the judgment. *Id.* Cervantes did not challenge the legality of the sentence or the jurisdiction of the trial court to impose it. In sum, Cervantes did not meet his burden of establishing probable cause by affidavit or other evidence that he is detained without lawful authority.

Affirmed.

*Roman Cervantes*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent Holt*, Ass't Att'y Gen., for appellee.