Cite as 2020 Ark. 416

# SUPREME COURT OF ARKANSAS
No. CV-20-227

| | |
|---|---|
| SHAWN TREVELL RAINER<br>APPELLANT<br><br>V.<br><br>DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | Opinion Delivered: December 10, 2020<br><br>PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT<br>[NO. 40CV-20-27]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>AFFIRMED. |

SHAWN A. WOMACK, Associate Justice

Shawn Rainer appeals the denial of his pro se petition for writ of habeas corpus. Because he failed to state ground on which the writ could issue, we affirm.

I.

In 2011, a Mississippi County jury convicted Rainer of second degree murder for the 2009 slaying of Takina Douglas. He had previously been convicted of a separate second degree murder in 1998. As a result, he was sentenced as a habitual offender to eighty years' imprisonment under Arkansas Code Annotated section 5-4-501(c) (Supp. 2007). The Arkansas Court of Appeals affirmed. *See Rainer v. State*, 2012 Ark. App. 588. Thereafter, Rainer filed multiple unsuccessful petitions for postconviction relief. In 2019, he petitioned to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. Rainer alleged that the enhanced sentence of eighty years was illegal because the trial court applied Arkansas Code Annotated section 5-4-501(c) and erroneously sentenced Rainer as a

"serious violent offender." *See Rainer v. State*, 2019 Ark. 42, 566 S.W.3d 462. We found that Rainer had been convicted of second degree murder in 1998 and was therefore subject to the statutory enhancement, which was in effect when Rainer murdered Douglas in 2009.

Rainer then petitioned for a writ of habeas corpus. He alleged that the trial court lacked jurisdiction to enter the judgment sentencing him as a habitual offender and that the judgment was illegal on its face because he was convicted under a habitual offender statute that was not in effect when he committed the second murder. *See Rainer v. Kelley*, 2019 Ark. 359, 589 S.W.3d 366. This court found that even if Rainer was incorrectly sentenced under the 2009 version of Arkansas Code Annotated section 5-4-501(c), the 2009 statute made no changes to the sentencing range in the habitual offender statute effective in 2007, as it applied to Rainer. *Id.*

Rainer now contends that his sentence was illegally enhanced under section 5-4-501(c) because when he committed second degree murder in 1994, that statute was not in effect and the offense was not designated as a "serious violent felony." He argues that by applying section 5-4-501(c) to enhance his sentence for the murder committed in 2009, the trial court committed an ex post facto violation.[1] He also claims the trial court lacked jurisdiction to enhance his sentence under a statute that was not in effect when he

---

[1]Rainer did not use the term "ex post facto" in his petition. However, courts must look to the substance of a pleading and interpret the pleading according to its substance rather than its form. *See Shopfner v. Clark*, 246 Ark. 70, 72, 436 S.W.2d 475, 477 (1969). Rainer argues that his sentence was illegally enhanced by a habitual offender statute that was not in effect when he committed his first murder offense. This is an ex post facto claim and will be treated as such.

committed the 1994 offense. Rainer further alleges that second degree murder was a Class B felony in 1994 when he committed the offense and was not considered a serious felony until 2007 when the offense was reclassified as a Class A felony.

II.

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the cause. *See Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *See Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal and subject matter jurisdiction, the court has authority to render the judgment. *See Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

A petitioner must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing, by affidavit or other evidence, of probable cause to believe that they are being illegally detained. *See* Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *See McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *See Fields v. Hobbs*, 2013 Ark. 416. We will not disturb the circuit court's decision unless it is clearly erroneous. *See Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the

appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

Rainer contends that the application of section 5-4-501(c) to enhance his sentence to a maximum of eighty years' imprisonment rather than a maximum of forty years' imprisonment was illegal. He claims that this habitual offender statute was not in effect when he committed second degree murder in 1994. He further argues that the enhanced sentence violates the prohibition against the ex post facto application of criminal statutes and, as such, entitles him to habeas relief.

An ex post facto claim does not implicate the subject-matter jurisdiction of the trial court, nor does such a claim challenge the facial validity of the judgment. *See Timmons v. Kelley*, 2018 Ark. 361, 562 S.W.3d 824. Further, it falls outside the purview of habeas relief. *Id.* For ex post facto to apply, there must be a change in the law that either criminalizes a previously innocent act or that increases the punishment received for an already criminalized act. *See Jones v. State*, 347 Ark. 455, 65 S.W.3d 402 (2002). Habitual offender statutes such as section 5-4-501 are not ex post facto laws. *See Coleman v. State*, 2017 Ark. 218, 521 S.W.3d 483. The fact that a defendant is not aware that a habitual offender statute would be amended in the future is irrelevant as it was not the punishment for the prior offense that was enhanced. *Id.* The provisions of the Arkansas Habitual Criminal Statute are punitive in nature, such that a prior conviction—regardless of the date of the crime—may be used to increase punishment. *See Jones*, 347 Ark. at 464, 65 S.W.3d at 408. Rainer is charged with the knowledge that if he committed an additional offense, his sentence and parole eligibility

4

would be computed in accordance with the law in effect at the time his latest felony was committed. *See Davis v. Kelley*, 2018 Ark. 182, 547 S.W.3d 54.

When Rainer committed his second violent felony, section 5-4-501(c) was in effect, and Rainer was therefore on notice that his first offense would enhance his sentence for a second violent offense. For the same reasons, Rainer's allegation that second degree murder was not considered a serious violent offense until 2007 is also without merit. Second degree murder was designated as a serious violent offense for purposes of sentence enhancement by Act 1009 of 1995, which amended the habitual offender act. Rainer was thus on notice that his first murder had been designated as a serious violent offense when he committed the second murder. In sum, Rainer's allegations are not cognizable in habeas proceedings and, in any event, fail to demonstrate an ex post facto violation.

Affirmed.

HART, J., concurs.

**JOSEPHINE LINKER HART, Justice, concurring.** I agree that the enhancement under which Mr. Rainer is imprisoned does not violate the Ex Post Facto Clause. Accordingly, he is not unlawfully detained. The majority's analysis concerning how Mr. Rainer was not incarcerated pursuant to an unconstitutional ex post facto law is sound.

I write separately because the majority, almost as an afterthought, persists in inserting the patently incorrect description of habeas corpus jurisprudence contained in Part II of its opinion. The majority's purported statement of the law, "[a] writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked

jurisdiction over the cause," does not accommodate situations in which a person is incarcerated due to a deprivation of his constitutional rights. Yet, this court has recognized that such a detention *is* cognizable in habeas proceedings. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. Indeed, the majority's painstaking analysis concluding that Mr. Rainer was not imprisoned pursuant to an unconstitutional ex post facto law is at least tacit recognition of this fact.

The State has absolutely no interest in unlawfully detaining one of its citizens. The writ of habeas corpus is a powerful tool to thwart unlawful detention. It is the judiciary's sacred duty to evaluate claims of unlawful detention, and where found, order that it cease. Because all detentions are carried out by the executive branch of the government, habeas corpus is an integral part of the checks and balances that prevent abuse of governmental power. Access to the writ of habeas corpus is enshrined in both the Federal and Arkansas Constitutions. Article 1, section 9, clause 2 of the United States Constitution provides that "[t]he privilege of the writ of habeas corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it." Similarly, article 2, section 11 of the Arkansas Constitution provides that "[t]he privilege of the writ of habeas corpus shall not be suspended; except by the General Assembly, in case of rebellion, insurrection or invasion, when the public safety may require it." In my view, anything less than a full examination of any allegation of unlawful detention is incompatible with a judge's oath to uphold and defend the Constitution.

I concur.

*Shawn T. Rainer*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.