Cite as 2022 Ark. 159

# SUPREME COURT OF ARKANSAS
No. CR-21-601

| | |
|---|---|
| SHAWN TREVELL RAINER<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** September 22, 2022<br><br>PRO SE APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, CHICKASAWBA DISTRICT; MOTION TO AMEND BRIEF WITH ADDITIONAL EXHIBITS<br>[NO. 47BCR-09-193]<br><br>HONORABLE KIMBERLY BOLING BIBB, JUDGE<br><br><u>AFFIRMED; MOTION TO AMEND BRIEFS WITH EXHIBITS DENIED</u>. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Shawn Trevell Rainer appeals from the trial court's denial and dismissal of his pro se petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). Rainer alleged that his enhanced sentence was imposed ex post facto and that his sentence conflicts with a parole statute in effect when he committed the crime. After briefs were submitted, including Rainer's reply brief, Rainer filed a motion to amend his brief-in-chief with additional exhibits. Because Rainer failed to demonstrate that his sentence was illegal, we affirm the trial court's order. The motion to amend the appellant's brief-in-chief is denied.

In 2011, a Mississippi County Circuit Court jury convicted Rainer of second-degree murder in the stabbing death of Takina Douglas. Rainer was sentenced as a habitual offender

to 960 months' or eighty years' imprisonment pursuant to Arkansas Code Annotated section 5-4-501(c) (Supp. 2007) because Rainer had been previously convicted of second-degree murder in 1998. The Arkansas Court of Appeals affirmed. *Rainer v. State*, 2012 Ark. App. 588. Thereafter, Rainer filed multiple unsuccessful petitions for postconviction relief. In 2019, Rainer filed a petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. In the petition, Rainer alleged that the enhanced sentence of eighty years was illegal because the trial court applied Arkansas Code Annotated section 5-4-501(c) and erroneously sentenced Rainer as a "serious violent offender." *Rainer v. State*, 2019 Ark. 42, at 2, 566 S.W.3d 462, 464. This court found that Rainer had been convicted of second-degree murder in 1998 and was therefore subject to the enhancement set forth in Arkansas Code Annotated section 5-4-501(c), which was in effect when Rainer committed the offense in 2009.

Rainer then filed a petition for writ of habeas corpus that was denied by the circuit court, and Rainer appealed. In his petition and on appeal, Rainer again alleged that the trial court lacked jurisdiction to enter the judgment reflecting Rainer's conviction for second-degree murder as a habitual offender and that the judgment was illegal on its face because he was convicted under a habitual-offender statute that was not in effect when he committed the crime in 2009. *Rainer v. Kelley*, 2019 Ark. 359, 589 S.W.3d 366. This court found that even if Rainer had been incorrectly sentenced under the 2009 version of Arkansas Code Annotated section 5-4-501(c), the statute of 2009 made no changes to the sentencing range in the habitual-offender statute in effect in 2007, as it applied to Rainer. *Id.* Rainer

subsequently filed a second petition for habeas relief and alleged that the habitual-offender enhancement was illegal on the face of the judgment. The circuit court denied the petition, and Rainer appealed. In affirming the circuit court's order of dismissal, we noted that the provisions of the Arkansas habitual-offender statute are punitive in nature such that a prior conviction—regardless of the date of the crime—may be used to increase punishment. *Rainer v. Dir., Ark. Dep't of Corr.*, 2020 Ark. 416. We explained that Rainer is charged with the knowledge that if he committed an additional offense, his sentence and parole eligibility would be computed in accordance with the law in effect at the time his latest felony was committed. *Id.* (citing *Davis v. Kelley*, 2018 Ark. 182, 547 S.W.3d 54).

Rainer filed his current petition to correct an illegal sentence on April 12, 2021. On June 9, 2021, the trial court entered an order dismissing his petition. We granted Rainer's motion for belated appeal. The trial court's decision to deny relief pursuant to section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Millsap v. State*, 2020 Ark. 38. Under section 16-90-111, a finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

Section 16-90-111(a) provides authority to a trial court to correct an illegal sentence at any time. *Willingham v. State*, 2021 Ark. 177, 631 S.W.3d 558. An illegal sentence is one that is illegal on its face. *Id.* A sentence is illegal on its face when it is void because it is beyond the trial court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Fischer v. State*, 2017 Ark. 338, 552 S.W.3d 40. Sentencing is entirely a matter of statute in

3

Arkansas. *Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469. The petitioner seeking relief under section 16-90-111(a) carries the burden of demonstrating that his or her sentence was illegal. *Id.* The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. A trial court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Id.*

Rainer alleged in his petition filed in the trial court and reasserts on appeal that the application of Arkansas Code Annotated section 5-4-501(c) to enhance his sentence to a maximum of eighty years' imprisonment rather than a maximum of forty years' imprisonment was illegal in that the habitual-offender statute was not in effect when he committed second-degree murder in 1994. Rainer argues that the enhanced sentence violates the prohibition against the ex post facto application of criminal statutes and, as such, entitles him to relief pursuant to section 16-90-111. This is the same argument Rainer raised in the habeas petition he filed against the director of the Arkansas Department of Correction (ADC). We rejected the same argument in affirming the denial of Rainer's petition for a writ of habeas corpus, finding that habitual-offender statutes such as section 5-4-501 are not ex post facto laws. *See Rainer*, 2020 Ark. 416. We explained that the fact that a defendant is not aware that a habitual-offender statute would be amended in the future is irrelevant as it was not the punishment for the prior offense that was enhanced. *Id.* We found that when Rainer committed his second violent felony, section 5-4-501(c) was in effect, and Rainer was therefore on notice that his first offense would enhance his sentence for a second violent

offense. Rainer failed to establish that his judgment and commitment order was illegal on its face in his habeas action and has again failed to demonstrate that his enhanced sentence in accordance with section 5-4-501(c) is an illegal sentence pursuant to section 16-90-111.

Rainer next claims that his sentence is illegal because the eighty-year sentence conflicts with his eligibility for parole as set forth in Arkansas Code Annotated section 16-93-1302(f) (Repl. 2006),[1] which states in pertinent part that inmates sentenced under section 5-4-501(c) may be eligible for parole after reaching the age of fifty-five. Parole eligibility is not cognizable in an action challenging the legality of a sentence imposed in a judgment. *Cervantes v. Kelley*, 2020 Ark. 391, 612 S.W.3d 162. Claims pertaining to parole eligibility as fixed by statute fall clearly within the domain of the ADC, which is part of the executive branch. *Id.* Here, the parole statute makes clear that parole eligibility at fifty-five is entirely discretionary with the ADC in that it provides that an inmate "may" be eligible for parole at that age. Eligibility for parole as set forth by statute is not a ground for relief pursuant to section 16-90-111 because determinations concerning parole eligibility do not call into question the legality of the original judgment in the case. *See Jackson v. State*, 2018 Ark. 291, 558 S.W.3d 383.

With respect to Rainer's motion to amend his brief with exhibits, he raises the argument that he is entitled to parole eligibility because the conviction for second-degree murder committed in 1994 has been designated by the ADC as an unclassified felony. The argument was not raised in the petition filed in the trial court, nor was it raised in his brief-

---

[1]Arkansas Code Annotated section 16-93-1302(f) was repealed in 2011 and replaced by Arkansas Code Annotated section 16-93-615(h) (Repl. 2016).

5

in-chief. We will not consider arguments that are raised for the first time on appeal. *Sirkaneo v. State*, 2022 Ark. 124, 644 S.W.3d 392. Rainer also attaches to his motion exhibits that were not included in the record lodged in this appeal. An appeal record is limited to the record of the proceedings in the lower court, and this court will not review material not considered by the trial court when it made its decision. *Jacobs v. State*, 316 Ark. 96, 870 S.W.2d 740 (1994) (per curiam).

Affirmed; motion to amend brief with exhibits denied.

WOMACK, J., concurs without opinion.

*Shawn T. Rainer*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.