Cite as 2026 Ark. App. 302

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CR-25-442

| | |
|---|---|
| RUFUS GRAY<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered: May 13, 2026<br><br>APPEAL FROM THE CLARK COUNTY CIRCUIT COURT [NO. 10CR-04-217]<br><br><br>HONORABLE GRISHAM PHILLIPS, JUDGE<br><br>AFFIRMED |

**CINDY GRACE THYER, Judge**

Appellant Rufus Gray appeals from the denial of his pro se petition to correct an illegal sentence filed pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). On appeal, he argues that the circuit court erroneously instructed the jury on parole eligibility, which violated his constitutional rights to due process and equal protection and constituted an ex post facto violation. We affirm the circuit court's denial of Gray's petition.

I. *Background Facts and Procedural History*

In February 2008, Gray was convicted by a Clark County jury of criminal attempt to commit rape for an offense committed in July 2003. He was sentenced as a habitual offender pursuant to Arkansas Code Annotated section 5-4-501(a) to forty-five years' imprisonment. Although Gray failed to file a timely direct appeal, he filed a motion for belated appeal of the judgment pursuant to Rule 2(e) of the Arkansas Rules of Appellate Procedure–Criminal.

The supreme court denied the motion. *Gray v. State*, CR 08-994 (Ark. Oct. 30, 2008) (unpublished per curiam). He then filed a motion for reconsideration, which the supreme court denied on February 26, 2009. *Gray v. State*, 2009 Ark. 97, at 1–2 (per curiam).

On October 27, 2009, Gray filed in the circuit court a pro se motion for leave to proceed with a belated petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. The circuit court denied that motion, and Gray did not file a timely appeal. He later filed a motion for rule on clerk seeking to file a belated appeal from the order. The supreme court treated the motion as one for belated appeal and denied it in a May 6, 2010 opinion. *Gray v. State*, 2010 Ark. 216, at 1–2 (per curiam).

On June 6, 2024, Gray filed in the Clark County Circuit Court a petition pursuant to section 16-90-111 and Rule 35 of the Federal Rules of Criminal Procedure for "correction/reduction of sentence." In it, he alleged that the jury was erroneously instructed at his sentencing in 2008 that he would be eligible for parole after serving one-half of his sentence for attempted rape and that his term of imprisonment could be further reduced to one-fourth of his sentence if he were to earn the maximum amount of meritorious good-time credit while in prison. He claimed that he was later informed by the Arkansas Department of Correction (ADC) that, due to a prior sexual-assault conviction from Wisconsin, he would be ineligible for parole or to earn good-time credit and must serve his entire sentence pursuant to Act 1805 of 2001. He argued that, at that point, he had served sixteen years, which was more than one-fourth of his forty-five-year sentence, and had the jury been instructed correctly about parole eligibility, it may have sentenced him differently. He

therefore sought a correction or reduction of his forty-five-year sentence based on his claim that the circuit court erroneously instructed the jury on parole eligibility. He also alleged an ex post facto violation and ineffective assistance of counsel based on the allegedly erroneous instruction.

The State filed a response on June 10, 2024, asserting that Gray's forty-five-year sentence was within the sentencing range for his offense of criminal attempt to commit rape (a Class A felony) as a habitual offender. It argued that Gray had therefore failed to demonstrate that his sentence was illegal pursuant to section 16-90-111. Finally, the State argued that Gray's reliance on the Federal Rules of Criminal Procedure was inapplicable to his state-court sentencing proceedings.

On April 15, 2025, the circuit court entered an order denying Gray's petition to correct sentence pursuant to section 16-90-111. The circuit court found that the sentence imposed by the jury was within the statutory range for Gray's offense, that Gray failed to meet his burden of demonstrating that his sentence was illegal pursuant to section 16-90-111, that the petition was untimely, and that Gray's reliance on the Federal Rules of Criminal Procedure was misplaced. Gray filed a timely notice of appeal from that order.

II. *Standard of Review and Applicable Law*

The circuit court's decision to deny relief pursuant to section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Woodruff v. State*, 2024 Ark. 13, at 2, 682 S.W.3d 662, 664. A finding is clearly erroneous when, although there is evidence to

support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

Section 16-90-111(a) authorizes a circuit court to correct an illegal sentence at any time. *Redus v. State*, 2019 Ark. 44, at 4, 566 S.W.3d 469, 471. An illegal sentence is one that is illegal on its face. *Id.* A sentence is illegal on its face when it is void because it is beyond the circuit court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Id.* Sentencing is entirely a matter of statute in Arkansas. *Id.* Sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *Hale v. Hobbs*, 2014 Ark. 405, at 4, 443 S.W.3d 533, 535. The petitioner seeking relief under section 16-90-111(a) carries the burden of demonstrating that his or her sentence was illegal. *Redus*, 2019 Ark. 44, at 3, 566 S.W.3d at 471. The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty v. State*, 2020 Ark. 68, at 7, 594 S.W.3d 54, 58. A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and typically, trial error does not implicate the jurisdiction of the circuit court or, as a consequence, implicate the facial validity of the judgment. *Id.*

### III. *Discussion*

For reversal, Gray argues, just as he did below, that the circuit court erroneously instructed the jury on parole eligibility, which violated his constitutional rights to due process and equal protection and constituted an ex post facto violation. He argues that this entitles him to a sentence reduction or a new trial.

4

As an initial matter, the circuit court's order denying Gray's petition did not address any of his arguments on appeal about parole eligibility. Our supreme court has held that in an appeal from the denial of an illegal-sentence petition, it is incumbent upon an appellant to obtain a ruling on specific claims for the arguments to have been preserved for appeal. *Heringer v. State*, 2009 Ark. 376, at 1 (per curiam). Gray's failure to obtain rulings on his arguments precludes this court from addressing them on appeal. *Id.*

Even if Gray had obtained rulings, however, his arguments provide no basis for reversal because they are not cognizable in this illegal-sentence proceeding. His argument that the jury was erroneously instructed on parole eligibility was an allegation of trial error that should have been raised at trial. *See Thompson v. State*, 2016 Ark. 380, at 4 (per curiam). Gray's assertions that the erroneous instructions amounted to constitutional error or an ex post facto violation are also not within the purview of section 16-90-111. *Id.* Additionally, to the extent that he is asserting a direct challenge to his parole eligibility, that is not a ground for relief pursuant to section 16-90-111 because determinations concerning parole eligibility do not call into question the legality of the original judgment in the case. *Rainer v. State*, 2022 Ark. 159, at 5, 651 S.W.3d 713, 716–17. Furthermore, claims pertaining to parole eligibility as fixed by statute fall clearly within the domain of the ADC. *Id.*, 651 S.W.3d at 716. Because parole eligibility falls clearly within the executive branch, and specifically, the ADC, appellate courts lack jurisdiction to instruct the circuit court to apply specific parole statutes to criminal convictions. *Williams v. State*, 2025 Ark. App. 121, at 6–7, 708 S.W.3d

73, 77. Thus, had any of his arguments been preserved for appellate review, they would still not be cognizable in a section 16-90-111 petition.

Finally, Gray does not challenge on appeal the circuit court's findings that his sentence was within the statutory range for his offense and that he failed to meet his burden of demonstrating that his sentence was illegal pursuant to section 16-90-111. Therefore, any argument challenging those findings has been abandoned on appeal. *Mister v. State*, 2013 Ark. App. 49, at 2 n.1. Even if he had challenged those findings, however, they were not clearly erroneous. Gray was convicted in February 2008 of criminal attempt to commit rape, a crime he committed in July 2003. At the time of the crime, rape was a Class Y felony. *See* Ark. Code Ann. § 5-14-103(a)(2) (Supp. 2001). And criminal attempt was a Class A felony if the offense attempted was a Class Y felony. *See* Ark. Code Ann. § 5-3-203(1) (Repl. 1997). Additionally, the jury was instructed at sentencing that Gray was subject to an extended term of imprisonment as a habitual offender and that he had been convicted of two previous felonies. He was sentenced as a habitual offender pursuant to section 5-4-501(a)(2)(B) (Supp. 2001), under which, for his Class A felony, he was subject to an extended term of imprisonment of not less than six years nor more than fifty years. His sentence to forty-five years' imprisonment was within the statutory sentencing range for his offense. Thus, the circuit court's finding that Gray failed to demonstrate that his sentence was illegal pursuant to section 16-90-111 was not clearly erroneous, and we affirm the circuit court's order.

Affirmed.

WOOD and BROWN, JJ., agree.

*Rufus Gray*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.